El Pueblo *v.* Díaz et al.

Apelación procedente de la Corte de Distrito de Guayama.

No. 91.—Resuelto en febrero 28, 1907.

Confiscación de Fianza Prestada en Causa Criminal—Falta de Comparecencia del Acusado—Diligencia de los Fiadores.—Decretada la confiscación de una fianza prestada en causa criminal, si el acusado ó sus fiadores comparecieren ante la corte antes de finalizar el término de sus sesiones y excusaren, á satisfacción de la misma, *la falta de comparecencia* de aquél, la corte puede dejar sin efecto la confiscación; pero, si como sucede en el caso de autos, los fiadores se limitan á justificar que han practicado diligentes gestiones para la captura del acusado, no procederá dejar sin efecto la confiscación, pues lo que hay que explicar satisfactoriamente *es la incomparecencia del acusado* al juicio, y *no la falta de diligencia de los fiadores para evitar esa misma incomparecencia.*

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Rossy, Fiscal.*

La parte apelada no compareció.

El Juez Presidente Sr. Quiñones, emitió la opinión del tribunal.

El Fiscal de la Corte de Distrito del Distrito Judicial de Guayama formuló acusación contra Manuel Viruet por infracción del art. 161 del Código Penal, y verificado el arresto del acusado, prestó fianza para su libertad provisional, por la suma de quinientos ($500) dollars, suscrita por Don Arturo Díaz y Don Vicente Rodríguez como fiadores, por la que se obligaron á responder de la comparecencia del acusado ante el tribunal, en cualquiera época y á que el acusado acataría las órdenes y providencias de la corte, así como que comparecería también al pronunciamiento de la sentencia que se dictara contra él, en la mencionada causa, sometiéndose á la ejecución de la misma; siendo la condición de esta fianza que si el acusado faltare á cualquiera de esas obligaciones, pagarían los fiadores al Pueblo de Puerto Rico el importe de la misma. En 11 de abril de 1906, el acusado fué debidamente citado para que compareciera á la vista de su causa ante la Corte

de Distrito de Guayama, la que tendría lugar el día 23 del
mismo mes, y en aquella misma fecha, ó sea el 11 del expre-
sado mes de abril, los fiadores fueron también debidamente
notificados de que el acusado había sido citado para que com-
pareciera al juicio el mencionado día 23, advirtiéndoseles,
además, la obligación en que estaban de presentar dicho
acusado ante la corte, en la fecha señalada para el juicio, ó de
lo contrario, sería confiscada la fianza que tenían prestada.
Llegado el día del juicio, como no compareciera el acusado, la
corte, á moción del Fiscal, ordenó la confiscación de la fianza.
El día 25 de abril, del mismo año, el acusado fué arrestado
en Ponce por la Policía Insular y entregado al día siguiente
á sus fiadores; éstos, en el mismo día 26 de abril, presentaron
una moción á la Corte de Distrito de Guayama, por conducto
de su abogado Sr. Nadal, manifestando que habiendo tenido
conocimiento oportunamente de que el acusado Manuel Viruet
no se encontraba en su residencia de Cayey, y temiendo que
se hubiera dado á la fuga, empezaron á practicar gestiones
para su busca, las que dieron por resultados la captura del
mismo por la policía; que si el día 23 de abril, señalado para
el juicio de su causa, no compareció el acusado ante la corte,
no fué por la voluntad de sus fiadores, los cuales practicaron
cuantas diligencias tuvieron á su alcance para conseguir la
entrega de aquél á la autoridad; por esas razones solamente,
é invocando los preceptos del artículo 396 del Código de En-
juiciamiento Criminal, suplicaron á la corte se sirviera dejar
sin efecto la confiscación de la fianza, acordada en el acto
del juicio, y declarar á los fiadores libres de toda responsa-
bilidad por ese concepto.

En 26 de abril de 1906 la Corte de Distrito de Guayama,
entendiendo que los fiadores habían justificado debidamente
haber practicado diligentes gestiones para la captura del
acusado, á quien habían entregado á las autoridades antes
de finalizar el término de la corte, y teniendo en cuenta que
la incomparecencia del acusado hubo de ocasionar los gastos
consiguientes á la suspensión del juicio, dejó sin efecto la

orden de confiscación de fianza, bajo la condición de que los fiadores de Manuel Viruet reintegraran los gastos ocasionados por su incomparecencia al juicio.

Contra esa resolución interpuso recurso de apelación para ante este tribunal el Fiscal del Distrito de Guayama, que interesó la revocación de la misma.

Este caso tiene alguna semejanza con el del *Pueblo de Puerto Rico* v. *Guadalupe Cruz y otro,* procedente también de la misma Corte de Distrito de Guayama, y resuelto recientemente por este tribunal, que confirmó en todas sus partes la resolución apelada; difieren, sin embargo, en que en aquel caso aparecía justificado en los autos, no solamente que los fiadores comparecieron y explicaron á la corte las diligencias que habían practicado en busca del acusado, sino también que el mismo acusado explicó su falta de comparecencia, alegando, bajo juramento, que antes de salir de la casa de su padre le dijeron que su juicio tardaría dos ó tres meses en celebrarse, y que apenas tuvo conocimiento de que se le buscaba por las autoridades fué á Guayama para entregarse á las mismas; mientras que en el caso presente, el acusado no ha explicado ante el tribunal los motivos que le impidieran comparecer ante el mismo, en el día señalado para la celebración del juicio de su causa, ni han tratado siquiera sus fiadores de justificar esa misma incomparecencia, dando al efecto alguna explicación satisfactoria, para así salvar las responsabilidades contraídas como tales fiadores.

El artículo 396 del Código de Enjuiciamiento Criminal, en su edición inglesa, que es la original, dice claramente que si el acusado ó sus fiadores comparecieren y explicaren satisfactoriamente la incomparecencia de aquél á la celebración del juicio, el tribunal, en los casos en que hubiere decretado la confiscación de la fianza por ese concepto, podrá ordenar se deje sin efecto, bajo las condiciones que estimare justas.

Como el único motivo que se ha alegado como fundamento de la moción para que se deje sin efecto la confiscación de la fianza decretada en este caso, es el haber practicado los

fiadores diligentes gestiones para la captura del acusado, y como según el artículo 396, ya citado, lo que debe explicarse satisfactoriamente es la incomparecencia del acusado á la celebración del juicio, y no la falta de diligencia de sus fiadores para evitar esa misma incomparecencia, hay que estimar que el Juez de la Corte de Distrito de Guayama, que dictó la resolución apelada, no ejerció debidamente la facultad discrecional que para estos casos concede el expresado artículo, sin duda por la falta de claridad que se advierte en la redacción del mismo en el texto español, comparándola con la del texto inglés, y en su virtud, entendemos que debe revocarse la mencionada resolución, dictada en veinte y seis de abril de 1906, objeto de la presente apelación, y decretarse la confiscación de la fianza que por la suma de quinientos dollars, y á favor del Pueblo de Puerto Rico, suscribieran Don Arturo Díaz y Don Vicente Rodríguez, como fiadores de Manuel Viruet, requiriéndoseles al efecto para el pago de la misma, y librándose, en su caso, la correspondiente ejecución para la satisfacción de la sentencia.

*Revocada.*

Jueces concurrentes: Sres. Hernández, Figueras, MacLeary y Wolf.