EL PUEBLO, DEMANDANTE Y APELADO, *v.* SOTO, ACUSADO, IN RE LEGUILLOU ET AL., FIADORES Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Humacao en procedimiento sobre confiscación de fianza.

No. 1071.—Resuelto en julio 28, 1916.

CONFISCACIÓN DE FIANZA—FALTA DE COMPARECENCIA DEL ACUSADO—ABUSO DE DISCRECIÓN.—Cuando un acusado falta en comparecer y la corte ordena la confiscación de la fianza después de haber oído a los fiadores, a menos que se demuestre que abusara de su poder discrecional, la resolución debe confirmarse.

Los hechos están expresados en la opinión.

Los apelantes no comparecieron.

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

En la Corte de Distrito de Humacao se siguió un proceso contra Bonifacio Soto por el delito de seducción. Se fijó día para la lectura de la acusación y Soto, que se hallaba en libertad bajo fianza, faltó en comparecer. Citados entonces los fiadores, no mostraron causa suficiente a juicio de la corte para justificar la conducta del acusado y la corte ordenó la confiscación de la fianza. Pidieron reconsideración los fiadores y la corte no accedió y apelaron entonces para ante este Tribunal Supremo.

Forma parte de los autos una exposición del caso y de

ella aparece que la excusa alegada por los fiadores para la falta de comparecencia del acusado fué la de que éste se hallaba enfermo. Los fiadores declararon ellos mismos en la comparecencia para la cual fueron citados y parece que la corte no dió crédito a sus manifestaciones. El hecho de la falta de comparecencia del acusado es evidente, y como los apelantes no han demostrado que la corte al no dar crédito a sus manifestaciones, abusara de su poder discrecional, la sentencia recurrida debe confirmarse.

Al pedir reconsideración los fiadores acompañaron una certificación médica creditiva de la enfermedad del acusado en la fecha en que se le citó para que compareciera ante la corte, certificación que según ellos se encontraba desde el momento oportuno en poder del juez municipal de Vieques quien "debido al estado de cosas reinante en dicho pueblo no la entregó a los fiadores ni la remitió en tiempo a la corte de distrito." Tampoco aceptó la corte la explicación como excusa suficiente y negó la reconsideración solicitada.

Las mismas consideraciones que dejamos hechas, son aplicables ahora. No podemos sustituir nuestro juicio por el de la corte sentenciadora. Ella que oyó declarar a los apelantes, estaba en mejores condiciones que nosotros para juzgar con respecto al crédito que debía darse a sus manifestaciones. La certificación médica que se acompañó al escrito de reconsideración debió haberse presentado en la primera oportunidad que se concedió a los fiadores. Además el juez de distrito no estaba obligado a aceptar bajo tales circunstancias la certeza del hecho en la misma consignado.

Por virtud de lo expuesto y vista la jurisprudencia de esta Corte Suprema establecida en los casos de *Rivera et al.* v. *Tous Soto, Juez de Distrito,* 11 D. P. R. 96; *El Pueblo* v. *Cruz et al.,* 12 D. P. R. 71, y *El Pueblo* v. *Díaz et al.,* 12 D. P. R. 124, debe declararse sin lugar el recurso interpuesto y confirmarse la sentencia apelada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.