JORGE FRAU y GABRIEL BORRÁS, peticionarios, *v.* CORTE DE DISTRITO DE BAYAMÓN, HON. LUIS SAMALEA IGLESIAS, JUEZ, demandada.

Núm. 1156.—*Sometido:* Noviembre 28, 1938. *Resuelto:* Diciembre 9, 1938.

*C. Iriarte, F. Fernández Cuyar* y *H. González Blanes,* abogados de los peticionarios; *Luis Janer, Fiscal Auxiliar,* abogado del recurrido.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

En la Corte de Distrito de Bayamón se radicaron dos acusaciones por delitos de adulteración de café contra Jorge Frau y Gabriel Borrás, haciendo negocios bajo la firma "Industrial Frau Hermanos & Compañía." En cada causa se exigió a cada uno de los acusados una fianza que prestaron por la cantidad de $300 para permanecer en libertad provisional. Se señaló la lectura de acusación en ambos casos para el día 18 de abril de 1938. Los fiadores fueron notificados del señalamiento. En dicho día compareció el acusado Gabriel Borrás. El otro acusado, Jorge Frau, no compareció. La corte ordenó consignar ese hecho en el acta del juicio y dispuso que se notificase a los fiadores para que compareciesen el 25 del mismo mes a exponer las razones por las cuales no debieran ser confiscadas las fianzas prestadas a favor del acusado Frau. Comparecieron los fiadores el día señalado a ese efecto y en la vista que se celebró ocurrió el siguiente incidente que demuestra los motivos que alegó haber tenido Jorge Frau para no comparecer a la lectura de la acusación:

"Sr. González Blanes: Con la venia de la Corte, según se nos ha informado por nuestro representado, el señor Jorge Frau, él estuvo al día siguiente de haber sido citado en este Tribunal y presentó la excusa por no haber comparecido el día de la acusación. Se debió a que parece no consiguió medio de transporte. Así es que según se nos ha informado a nosotros, él demostró a la Corte que estaba dispuesto en todo momento a comparecer y someterse a las resoluciones de este Tribunal.

"La Corte: ¿El señor Frau informó al letrado que había comparecido ante la Corte?

"Sr. González Blanes: No sé, deje ver . . . . (Habla con el Sr. Frau.) Que estuvo en el Tribunal al día siguiente . . . .

"La Corte: ¿Con el Juez o en sala? No tengo el más mínimo recuerdo de eso.

"Sr. González Blanes: Parece que con quien habló fué con el Fiscal, no fué con el Juez. Esas son las razones de los fiadores.

"Un fiador: Nosotros a él lo citamos, él vive en un barrio lejos, en el Consejo. Nosotros le mandamos la citación y llegaría tarde. Seguida que la policía nos citó a nosotros.

"Otro Fiador: Debido a que eran días santos la citación llegó allá el miércoles. Ya el viernes no era día oficial, el sábado tampoco."

El motivo que alegó entonces el acusado en presencia de la corte fué que no había conseguido medios de transporte para asistir al tribunal. Estimando éste que la explicación que daban los fiadores no era satisfactoria, al siguiente día, 25 de abril de 1938, decretó la confiscación de las fianzas prestadas por Gilberto Maestre y Joaquín Rodríguez y dispuso además que fuesen requeridos dichos fiadores para que inmediatamente hiciesen efectivo el importe de dichas dos fianzas, apercibidos de que de no verificar el pago inmediatamente, se libraría la correspondiente orden de ejecución.

Fueron requeridos los fiadores el 24 de mayo de 1938 en el pueblo de Utuado, negándose a verificar el pago y manifestando que hablarían con el acusado para que éste pagara dicha cantidad, todo lo cual aparece del diligenciamiento del márshal al dorso del mandamiento que le fué expedido por el secretario de la Corte de Distrito de Bayamón el 27 de abril último en cumplimiento de la orden de la corte de abril 26 de 1938 de que antes se ha hecho mérito.

Continuó el caso contra los acusados y el día 12 de mayo de 1938 se dictó sentencia declarándolos culpables de los delitos imputádosles y condenando a cada uno de ellos a sufrir un mes de cárcel y pagar $75 de multa. Contra esta sentencia apelaron los acusados el mismo día.. Al día siguiente la corte reconsideró su sentencia eliminando de la misma la condena de cárcel impuesta a cada uno de ellos y dejándola subsistente en cuanto a la multa impuesta.

Así las cosas, el 31 de mayo de 1938 los fiadores radicaron una moción solicitando la reconsideración de la orden confiscatoria de la fianza, y la corte, con fecha 8 de junio

siguiente, dictó una resolución denegando la reconsideración, de la cual tomamos los siguientes párrafos:

"Las razones alegadas en el escrito referido (se refiere a la moción de reconsideración) tuvieron oportunidad los fiadores de invocarlas el 25 de abril de 1938 cuando fueron llamados y comparecieron, asistidos de abogado, a exponer los motivos por los cuales no debía ser confiscada la fianza. Las razones que ahora invocan les eran conocidas a los fiadores en y antes del 25 de abril de 1938, según su propia moción de reconsideración.

"No obstante haberse dictado en 26 de abril de 1938 la resolución confiscando la fianza, ninguna gestión hicieron los fiadores por una reconsideración hasta el día 31 de mayo último. La ley número 67 de 1937 (Leyes de 1936–39, pág. 199) marca una línea de conducta para la revisión de una sentencia o resolución que tiene carácter civil y de la cual puede establecerse recurso de apelación para ante la Corte Suprema.

"La moción de reconsideración es declarada sin lugar." (Paréntesis nuestro.)

Con fecha 30 de junio último comparecieron los acusados y solicitaron la reconsideración de la sentencia contra ellos dictada, accediéndose a su moción por haberse demostrado que las declaraciones de los testigos de cargo que sirvieron de base a su sentencia eran completamente falsas. En la misma moción de reconsideración se solicitó que se dejase sin efecto la confiscación de la fianza, y proveyendo la corte a esta súplica, dictó el siguiente pronunciamiento con fecha 17 de octubre último:

"Habiendo solicitado los acusados en su moción de 30 de junio de 1938 que se les exima de toda responsabilidad en las denuncias formuladas 'inclusive la referente a la confiscación de las fianzas', y no apareciendo que sean los acusados la parte realmente interesada en ese último extremo, no ha lugar a lo pedido."

El 31 del mismo mes los acusados solicitaron la reconsideración de la resolución de 17 de octubre antes transcrita, la cual fué denegada el 3 de noviembre pasado.

Fué para revisar las resoluciones de 17 de octubre y 3 de noviembre últimos antes citadas que se interpuso por los acusados el presente recurso de *certiorari.*

■■ En su solicitud ante este tribunal los peticionarios aseguran que Jorge Frau no compareció el día señalado para la lectura de acusación porque habiendo sido ésta dirigida contra ambos acusados haciendo negocios bajo un nombre comercial, a saber, "Industrial Frau Hermanos & Compañía", entendió aquél que compareciendo el coacusado Borrás, la comparecencia del primero era innecesaria. Que estando los fiadores en dichas causas suficientemente garantidos por la solvencia de los acusados aquí peticionarios, no han actuado aquéllos y evidentemente no se sienten inclinados a acudir a la corte e incurrir en gastos judiciales, siéndoles de este modo imposible a los peticionarios remediar la situación en que se encuentran. Se alega además que al negarse la corte a oír a los acusados para que se deje sin efecto la confiscación de la fianza, cometió un error de procedimiento. Asimismo, que es dudoso el derecho de apelación y que aunque éste existiera, el remedio no sería rápido y adecuado en el presente caso, y termina la petición con súplica de que se revoquen y anulen las resoluciones dictadas en 17 de octubre de 1938 y 3 de noviembre siguiente, que se hacen formar parte de la solicitud de *certiorari.*

Se expidió el auto en vista de la alegación de que los fiadores no habían solicitado remedio alguno contra la confiscación de la fianza y señalada la vista para el día 28 de noviembre último, comparecieron ambas partes, sometiendo alegatos en apoyo de sus respectivas posiciones.

La ley que rige el caso es el artículo 396 del Código de Enjuiciamiento Criminal, que dice así:

"Artículo 396. Si el acusado, sin presentar excusas suficientes, se descuidare o dejare de comparecer para oír el acta de acusación o faltare a la celebración del juicio o al pronunciamiento de la sentencia, o en cualquiera otra ocasión en que su presencia en el tribunal sea legalmente requerida, o no se rindiera en cumplimiento de

la sentencia, el tribunal ordenará que se consigne ese hecho en el acta del juicio, y la fianza personal o pecuniaria, según el caso, se declarará confiscada. Pero *si en cualquier época antes que el tribunal haya definitivamente levantado su sesión el acusado o sus fiadores* comparecieren y explicaren satisfactoriamente su descuido, el tribunal podrá ordenar se deje sin efecto la confiscación de la fianza o del depósito de dinero bajo las condiciones que estimare justas.'' (Itálicas nuestras.)

Del texto de dicho artículo aparece claramente que tanto el acusado como los fiadores tienen derecho a comparecer ante la corte y explicar la incomparecencia del acusado, y si el tribunal entiende que la explicación de uno u otros es satisfactoria, puede dejar sin efecto la confiscación de la fianza siempre que tal comparecencia de fiadores o acusado tenga efecto *en cualquier época antes que el tribunal haya definitivamente levantado su sesión.*

En el presente caso los fiadores comparecieron oportunamente ante la corte y explicaron la incomparecencia del acusado, estando éste presente, y suministrando él mismo, en presencia de la corte, la información necesaria a ese efecto. Dijo entonces el acusado, contrario a lo que ahora alega en su petición de *certiorari,* que no compareció por falta de medios de transporte. La corte no estimó satisfactoria la explicación dada entonces por el acusado y sus fiadores y ordenó la confiscación de la fianza. Poco después se solicitó la reconsideración de esta orden y fué denegada. No se estableció recurso de apelación contra las dos resoluciones de la corte confiscando la fianza y denegando la reconsideración, permaneciendo inactivos tanto los fiadores como el peticionario Frau hasta que los acusados radicaron la moción de 30 de junio de 1938 en que solicitaron entre otros remedios que se dejase sin efecto la confiscación de las fianzas.

De acuerdo con el artículo 396 antes citado, la moción de los acusados antes aludida fué tardía, pues no se presentó dentro del plazo que especifica la ley, o sea antes de que el

tribunal hubiese definitivamente levantado su sesión en el término en que se ordenó la confiscación de la fianza.

De una monografía que aparece en 84 A.L.R. 420 y siguientes, sobre confiscación de la fianza y remedios de los perjudicados, tomamos lo siguiente, de la página 427 de dicha obra:

"La solicitud de los fiadores para que se les releve de la confiscación de su fianza debe, desde luego, presentarse *durante el tiempo dentro del cual la corte tenga facultad para conceder tal remedio.* Debido a las diversas disposiciones estatutarias, no se puede establecer una regla general en cuanto a este punto, apareciendo de los casos que a continuación se citan la regla que impera en cada jurisdicción: (Se citan casos de distintas jurisdicciones en que se ha discutido la cuestión.)" (Itálicas nuestras.)

Cuando un estatuto especifica un procedimiento para obtener determinado remedio, excluye cualquier otro que no sea el establecido por el poder legislativo. *Botany Worsted Mills* v. *U. S.,* 278, U. S. 282, 73 L. Ed. 378, 385.

En el casó de *El Pueblo* v. *Cruz et al.,* 12 D.P.R. 71, 73, en que se apeló por el fiscal de la resolución de la corte dejando sin efecto la confiscación de la fianza y en que el acusado dejó de comparecer, como en este caso, el día señalado para la lectura de la acusación, esta corte dijo lo siguiente:

"La explicación dada por el acusado *antes de que la corte de Guayama levantara definitivamente su sesión,* o lo que es lo mismo, *antes de finalizar el término de sus sesiones,* es aceptable como excusa de su incomparecencia en el día señalado para oír la lectura de su acusación, pues si hubiera tratado de evadir el cumplimiento de la orden judicial, apenas oyó decir que se le buscaba por las autoridades, no se hubiera presentado en el mismo lugar del juicio."

En el caso de *El Pueblo* v. *Díaz,* 12 D.P.R. 124, se distingue sin revocarlo el caso de *El Pueblo* v. *Cruz,* supra, y se revoca la resolución apelada por el fiscal, porque los fiadores se limitaron a exponer las diligencias practicadas por ellos para encontrar al acusado y no las razones que tuviera el acusado para no comparecer. .

En el caso de *El Pueblo* v. *Soto,* 24 D.P.R. 489, el acusado no compareció el día señalado para la lectura de la acusación. Citados entonces los fiadores, no mostraron causa suficiente a juicio de la corte para justificar la conducta del acusado y se decretó la confiscación de la fianza. Pidieron reconsideración y la corte no accedió, apelando entonces para ante este tribunal. La excusa alegada por los fiadores era que el acusado no compareció por hallarse enfermo. Declararon los fiadores a ese efecto y la corte no les dió crédito. Confirmando la resolución apelada confiscatoria de la fianza, esta corte se expresó en los siguientes términos:

"Al pedir reconsideración los fiadores acompañaron una certificación médica creditiva de la enfermedad del acusado en la fecha en que se le citó para que compareciera ante la corte, certificación que según ellos se encontraba desde el momento oportuno en poder del juez municipal de Vieques quien 'debido al estado de cosas reinante en dicho pueblo no la entregó a los fiadores ni la remitió en tiempo a la corte de distrito.' Tampoco aceptó la corte la explicación como excusa suficiente y negó la reconsideración solicitada.

"Las mismas consideraciones que dejamos hechas, son aplicables ahora. No podemos sustituir nuestro juicio por el de la corte sentenciadora. Ella que oyó declarar a los apelantes, estaba en mejores condiciones que nosotros para juzgar con respecto al crédito que debía darse a sus manifestaciones. La certificación médica que se acompañó al escrito de reconsideración debió haberse presentado en la primera oportunidad que se concedió a los fiadores. Además el juez de distrito no estaba obligado a aceptar bajo tales circunstancias la certeza del hecho en la misma consignado.

"Por virtud de lo expuesto y vista la jurisprudencia de esta Corte Suprema establecida en los casos de *Rivera et al.* v. *Tous Soto, Juez de Distrito,* 11 D.P.R. 96; *El Pueblo* v. *Cruz et al.,* 12 D.P.R. 71, y *El Pueblo* v. *Díaz et al.,* 12 D.P.R. 124, debe declararse sin lugar el recurso interpuesto y confirmarse la sentencia apelada."

Véase también, por vía de ilustración, el caso de *El Pueblo* v. *Martínez,* 26 D.P.R. 738, en que se apeló por los fiadores de la resolución de la corte confiscando la fianza, siendo confirmada la resolución del tribunal inferior.

944

Véase asimismo el caso de *State* v. *Grice,* 11 La. Ann. 605, citado en la monografía antes aludida.

Los fundamentos que tuvo la corte para denegar la moción de los acusados son erróneos, porque, como hemos visto, el acusado al igual que los fiadores tiene derecho a comparecer y explicar la causa de su incumplimiento con las órdenes de la corte; pero el resultado a que llegó el tribunal inferior al denegar dicha moción es correcto, en primer término porque la moción se presentó tardíamente, es decir, después de haber expirado con exceso el término en que la corte decretó la confiscación de la fianza, y en segundo lugar, porque, como hemos visto anteriormente, la corte oyó a los fiadores y al propio acusado, quien manifestó en aquella ocasión el motivo de su incomparecencia, al cual la corte no dió crédito, según parece, no pudiendo nosotros ahora alterar la conclusión a que llegó la corte sentenciadora, no habiéndose demostrado que actuó con pasión, prejuicio o parcialidad.

*Siendo ello así, procede anular el auto expedido y devolver los autos originales remitidos por la corte inferior, para ulteriores procedimientos.*

Los Jueces Sres. Presidente del Toro y Asociado Travieso, no intervinieron.