JORGE FRAU y GABRIEL BORRÁS, peticionarios, *v.* CORTE DE DISTRITO DE BAYAMÓN, HON. LUIS SAMALEA IGLESIAS, JUEZ, demandada.

Núm. 1156.—*Sometido:* Febrero 6, 1939. *Resuelto:* Abril 28, 1939.

*C. Iriarte, F. Fernández Cuyar* y *H. González Blanes,* abogados de los peticionarios; *Luis Janer, Fiscal Auxiliar,* abogado del recurrido.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

En la Corte de Distrito de Bayamón se radicaron dos acusaciones por delitos de adulteración de café contra Jorge

Frau y Gabriel Borrás, haciendo negocios bajo la firma ''Industrial Frau Hermanos & Compañía.'' En cada causa se exigió a cada uno de los acusados una fianza que prestaron por la cantidad de $300 para permanecer en libertad provisional. Se señaló la lectura de acusación en ambos casos para el día 18 de abril de 1938. Los fiadores fueron notificados del señalamiento. En dicho·día compareció el acusado Gabriel Borrás. El otro acusado, Jorge Frau, no compareció. La corte ordenó consignar ese hecho en el acta del juicio y dispuso que se notificase a los fiadores para que compareciesen el 25 del mismo mes a exponer las razones por las cuales no debieran ser confiscadas las fianzas prestadas a favor del acusado Frau. Comparecieron los fiadores el día señalado a ese efecto y estando presente el. acusado Frau, informó éste por conducto de sus fiadores y de su abogado que no pudo comparecer el día señalado para la lectura de acusación porque vivía en un barrio muy apartado del pueblo de Jayuya y no le fué posible conseguir inmediatamente medios de transporte para trasladarse a Bayamón; pero que el día siguiente estuvo en la corte y explicó lo sucedido al fiscal. El juez no estimó suficiente la excusa expuesta por el acusado y confiscó la fianza. Continuó el caso contra los acusados y el 12 de mayo de 1938 se dictó sentencia contra ellos condenándoles a sufrir un mes de cárcel y a pagar $75 de multa. Un día después la corte reconsideró la sentencia, eliminando de la misma la condena de cárcel y dejándola subsistente en cuanto a la multa impuesta. Así las cosas, el 31 de mayo de 1938 los fiadores solicitaron la reconsideración de la orden confiscatoria de la fianza. La corte la denegó.

El 30 de junio último solicitaron los acusados la reconsideración de la sentencia que les había sido impuesta, accediéndose a ello por haberse convencido el tribunal sentenciador que las declaraciones de los testigos de cargo que sirvieron de base a la sentencia eran completamente falsas. De la resolución reconsiderando y dejando sin efecto la sentencia tomamos los siguientes párrafos:

"Méritos más que suficientes aparecen para que la corte adopte, como señala el fiscal, una medida adecuada mantenedora en estos casos de la pura justicia.

"Reprochable en grado sumo la conducta del ciudadano que sorprende a un tribunal de justicia deslustrando y desdorando ésta, toma mayor relieve el hecho cuando es agente del mismo un empleado público en quien el Gobierno depositó su confianza fiado en los atributos de integridad y honestidad que se presumen en todo ciudadano. Maculada así la justicia resultaría indigno que se mantuviera tal estado de cosas un solo minuto más al tiempo mismo en que el engaño y la trampa han quedado de manifiesto.

"Las sentencias dictadas el día 12 de mayo de 1938 son por la presente reconsideradas; y se absuelve a los acusados. Las fianzas prestadas por ellos para permanecer en libertad provisional quedan canceladas."

Solicitó de nuevo el acusado la reconsideración de la orden confiscatoria de la fianza y estimando la corte erróneamente, a nuestro juicio, que el acusado no tenía personalidad para solicitarla, la volvió a denegar. Estableció entonces recurso de *certiorari* para ante este tribunal y cancelamos la expedición del auto por estimar que el acusado había solicitado la reconsideración después de haber expirado el término legal. *Frau* v. *Corte,* 53 D.P.R. 936.

Los acusados han pedido la reconsideración de nuestra resolución últimamente mencionada. Estimando nosotros que la moción de reconsideración no estaba desprovista de fundamento, señalamos fecha para oír a las partes, celebrándose aquélla con la sola asistencia de la representación de los acusados.

Alegan éstos que aunque su petición de *certiorari* no fué todo lo clara y específica que debió serlo, fundaron su recurso no en la facultad de la corte inferior para dejar sin efecto la resolución confiscatoria de la fianza cuando se demostrase que la misma es errónea, sino en el poder inherente que tienen los tribunales para perdonar (*remit*) la confiscación de una fianza cuando los fines de la justicia lo demanden, siempre que la solicitud y la orden de perdón (*remission*) se dic-

ten antes de que el montante de la fianza haya sido ingresado en las arcas del Tesoro.

Hemos examinado de nuevo los autos del caso, así como la excusa presentada por el acusado por su incomparecencia a la lectura de acusación. Teniendo en cuenta la distancia y la población donde se hallaba el acusado, separada de las carreteras de mayor tránsito público, es posible que su excusa sea cierta. De todos modos, resulta evidente de las circunstancias concurrentes en este caso que no fué la intención del acusado evadir los fines de la justicia. Claro también es que ningún perjuicio sufrió el Gobierno por la incomparecencia del acusado Frau el día señalado para la lectura de acusación, pues en su oportunidad se celebró el juicio sin entorpecimiento o dificultad alguna. Pero lo que más resalta en todo este proceso es la enorme injusticia que se cometería obligando a un hombre que es falsa y perversamente acusado por funcionarios del Gobierno, a sufrir el castigo de pagar la respetable suma de $600 luego que la corte, convencida de la injusticia contra él tramada, le absuelve libremente.

Refiriéndose al poder de las cortes para perdonar (*remit*) confiscaciones de fianza, se dice en 6 American Jurisprudence, pág. 118:

"Las cortes, de acuerdo con la regla general, tienen el poder inherente para perdonar la confiscación de una fianza."

Dicha obra, tratando sobre la misma facultad de la corte después de dictada sentencia en el juicio criminal, dice:

"Cuando *la incomparecencia del acusado no ha sido intencional* y cuando posteriormente se ha celebrado un juicio y el acusado ha sido convicto o absuelto, los fines de la fianza han sido cumplidos, presentándose entonces un caso adecuado para el ejercicio de la discreción de la corte, y la confiscación debe ser dejada sin efecto. Consiguientemente, si durante la pendencia de una apelación contra una confiscación de fianza, el acusado es entregado por su fiador el último día del término dentro del cual debió comparecer, y es después convicto y sentenciado, el fiador en la fianza tiene derecho a ser exonerado. En caso de que el acusado pruebe su inocencia, sería irrazonable e

injusto imponer a una persona inocente una penalidad que sólo tuvo por objeto asegurar la celebración de un juicio, porque el juicio haya sido suspendido *por motivos que justifiquen su incomparecencia* el día señalado para ello. Si es declarado culpable él debe sufrir la pena impuesta por la ley para su delito y sería irrazonable agregar a dicha pena el pago de una obligación que tuvo por objeto solamente asegurar la celebración del juicio. La *razonabilidad entonces de la excusa por no comparecer en el día mencionado* en la orden de citación debe ser examinada en alguna forma y ningún tribunal puede ser más competente para ello que aquél que está familiarizado con todas las circunstancias del delito original, así como de la incomparecencia del acusado.'' Obra citada, pág. 120. (Bastardillas nuestras.)

A nuestro juicio, erró la corte inferior al estimar que carecía de jurisdicción para conocer de la moción de reconsideración solicitada por los acusados.

*Procede, por lo expuesto, reconsiderar y dejar sin efecto nuestra sentencia de 9 de diciembre de 1938, y en su consecuencia anular las órdenes recurridas de la Corte de Distrito de Bayamón de 17 de octubre y 3 de noviembre de 1938, y devolver el caso para ulteriores procedimientos no inconsistentes con esta opinión.*