EL PUEBLO DE PUERTO RICO, recurrido, *v.* RAMÓN LUIS RIVERA ORTEGA, acusado, y NEWPORT BONDING AND SURETY COMPANY, peticionaria.

*Número:* CC-96-26          *Resuelto:* 19 de mayo de 1998

*Luis M. Rodríguez López*, de *Fiddler, González & Rodríguez*, abogado de la peticionaria; *Edda Serrano Blasini, Subprocuradora General*, y *Carmen Z. Martínez Ortiz, Procuradora General Auxiliar*, abogadas de El Pueblo, recurrido.

PER CURIAM: Se recurre ante nos para que determinemos si procede confiscar unas fianzas, como consecuencia de la incomparecencia del acusado a los procedimientos judiciales; esto sin que los representantes de la compañía fiadora hubieran sido requeridos a comparecer para mostrar causa por la cual no se debía confiscarlas, tal como requiere la Regla 227 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, aun cuando posteriormente comparecieron en relación con la confiscación de otra de las fianzas del mismo acusado.

I

El Sr. Ramón L. Rivera Ortega fue acusado por hechos alegadamente ocurridos el 5 de agosto de 1992, constituti-

vos de violación a los Arts. 6, 8 y 9 de la Ley de Armas de Puerto Rico, 25 L.P.R.A. secs. 416, 418 y 419, respectivamente. Se le imputaron dos (2) violaciones al Art. 6 y dos (2) violaciones al Art. 9 de la Ley de Armas de Puerto Rico, *supra*, que son delitos menos graves; por cada violación se le fijó una fianza de cinco mil dólares ($5,000). Además, se le imputaron dos (2) violaciones al Art. 8 de la Ley de Armas de Puerto Rico, *supra*, que constituyen delitos graves, en cada uno de los cuales se le fijó una fianza de diez mil dólares ($10,000).

Las referidas fianzas fueron prestadas por la Compañía de Fianzas de Puerto Rico (en adelante C.F.P.R.) y por la Newport Bonding and Surety Co. (en adelante Newport), aquí peticionaria.

A continuación presentaremos una relación de los casos y las fianzas impuestas a Rivera Ortega con motivo de los hechos acaecidos el 5 de agosto de 1992 que dieron lugar a las acusaciones antes indicadas:

| CRIMINAL NÚM. | VIOLACIÓN | FIANZA | FIADOR |
|---|---|---|---|
| KLA92M0720 | Art. 6 | $5,000 | C.F.P.R. |
| KLA92M0721 | Art. 6 | $5,000 | Newport |
| KLA92M0722 | Art. 9 | $5,000 | C.F.P.R. |
| KLA92M0723 | Art. 9 | $5,000 | Newport |
| KLA92G1154 | Art. 8 | $10,000 | C.F.P.R. |
| KLA92G1155 | Art. 8 | $10,000 | Newport |

Escrito en oposición a *certiorari*, pág. 2.

El caso de autos trata sobre la confiscación por el Tribunal de Primera Instancia de tres (3) de las fianzas emitidas por Newport a favor del Estado Libre Asociado de Puerto Rico. El monto total de estas fianzas es de veinte mil dólares ($20,000). Las fianzas Núm. KLA92M0721 y Núm. KLA92M0723 —impuestas por los Art. 6 y 9, respectivamente, de la Ley de Armas de Puerto Rico, *supra*— fueron refrendadas por el apoderado de Newport, Sr. Iván Bení-

quez Díaz.([1]) La fianza Núm. KLA92G1155, impuesta por el Art. 8 de la Ley de Armas de Puerto Rico, *supra*, fue refrendada por la apoderada de dicha compañía, María del Carmen Beníquez.

Luego de varias posposiciones del juicio —causadas por la incomparecencia del acusado— se señaló éste para el 5 de abril de 1993. El acusado Rivera Ortega tampoco compareció. En esa misma fecha, el Tribunal de Primera Instancia emitió una sentencia, la cual fue notificada el 8 de junio de 1993, en la que ordenó la confiscación del importe de las fianzas, incluyendo la Núm. KLA92M0721 y la Núm. KLA92M0723, prestadas por Newport. El tribunal hizo constar que en relación con el caso Núm. KLA92G1155, en el cual la fianza fue también prestada por Newport, el representante de esa compañía no fue citado, aunque sí el de la C.F.P.R. Por ello, ordenó que se citara a Newport para que mostrara causa por la cual no se debía confiscar dicha fianza.

Posteriormente, el 20 de abril de 1993 compareció la Sra. María del Carmen Beníquez, representante de Newport, e informó no haber conseguido al acusado, por lo que el tribunal ordenó también la confiscación de la fianza prestada en el Caso Núm. KLA92G1155 mediante una sentencia de esa misma fecha, notificada el 4 de junio de 1993.

El 16 de septiembre de 1993 Newport presentó una moción para solicitar una exoneración; en ella alegó que el acusado se encontraba ingresado en la Institución Regional Metropolitana. Acompañó a dicha moción la certificación correspondiente firmada por la funcionaria de la Ad-

---

([1]) En cuanto a estas dos (2) fianzas refrendadas por el señor Beníquez, es necesario detallar que este último fue tiroteado el 28 de noviembre de 1992, conjuntamente con el alguacil Edelmiro Negrón Berno del Tribunal de Primera Instancia, por hechos no relacionados con este caso. El alguacil murió en el tiroteo. El señor Beníquez Díaz resultó gravemente herido, fue hospitalizado y cesó sus labores en Newport luego de dicho incidente. Éste acaeció varios meses antes de las confiscaciones de las fianzas en el caso de autos, por lo que Beníquez Díaz no intervino en el proceso de confiscación.

ministración de Corrección. Además, Newport solicitó que se ordenara la exoneración de todas las fianzas confiscadas mediante las dos (2) sentencias antes mencionadas. No obstante, el tribunal de instancia, mediante su Orden de 1ro de octubre de 1993, determinó que no se le había mostrado ninguna razón ni evidencia que justificara haber dejado sin efecto la Sentencia de 20 de abril de 1993.[2]

El 3 de noviembre de 1994, cerca de un año y mes y medio después, la División de Confiscaciones del Departamento de Justicia compareció mediante una moción para solicitar un mandamiento para proceder con la ejecución de la sentencia de confiscación de 5 de abril de 1993 por la cantidad de diez mil dólares ($10,000).

Así también, el 22 de febrero de 1995 la División de Confiscaciones del Departamento de Justicia compareció de nuevo mediante una moción en la cual solicitó otro mandamiento para proceder con la ejecución de la sentencia de confiscación de 20 de abril de 1993 por la cantidad de diez mil dólares ($10,000). Newport presentó una moción el 9 de junio de 1995, mediante la cual planteó, en cuanto a las dos (2) fianzas de cinco mil dólares ($5,000) relativas a los Casos Núm. KLA92M0721 y Núm. KLA93M0723, que la sentencia de confiscación emitida el 5 de abril de 1993 era nula e ineficaz en derecho por haberse notificado luego de transcurrir el término de cuarenta (40) días provisto por la Regla 227 de Procedimiento Criminal, *supra*, y por no habérsele concedido a Newport la oportunidad de mostrar causa por la cual no debía confiscarse la fianza. En lo concerniente al Caso Núm. KLA92G1155, en que la fianza de diez mil dólares ($10,000) fue confiscada el 20 de abril de 1993, Newport aclaró que luego de hacer todas las gestiones pertinentes, localizó al acusado ingresado en la Cárcel Regional Metropolitana de Bayamón, por lo que la Administración de Corrección emitió una certificación a esos efectos.

---

[2] Nada dispuso en dicha orden sobre la sentencia emitida el 5 de abril de 1993.

El 13 de junio de 1995, vía resolución, el Tribunal de Primera Instancia determinó que:

> Habiendo transcurrido dos (2) años desde que esta juez dictó sentencia de confiscación en este caso y veinte (20) meses desde que emitiéramos la orden que hoy se pretende atacar, se declara NO HA LUGAR a la solicitud de la compañía fiadora.

De dicha resolución recurrió Newport ante el Tribunal de Circuito de Apelaciones (Circuito Regional I), Región Judicial de San Juan, para solicitar la revocación de las sentencias confiscatorias de las fianzas que nos ocupan.

El Tribunal de Circuito de Apelaciones, en su Sentencia de 6 de noviembre de 1995, notificada el 29 de noviembre de 1995, determinó que Newport tuvo la oportunidad de impugnar —previo a la solicitud de exoneración de 16 de septiembre de 1993— las sentencias de confiscación y no lo hizo. Asimismo, estableció que no estaba en controversia que Newport había presentado su mostración de causa con anterioridad a la Sentencia de 20 de abril de 1993 sobre la incomparecencia del acusado a los procedimientos en cuanto a la violación de los Arts. 6 y 8 de la Ley de Armas de Puerto Rico, *supra*; puesto que ésta se dictó luego de que la apoderada de Newport compareciera al tribunal e informara no haber conseguido al acusado. Además, expresó que la orden de mostrar causa tiene el propósito de conceder una oportunidad al fiador de exponer su posición con respecto a la incomparecencia del acusado y de su obligación de responder por la fianza. Dentro de este procedimiento, el propósito por el cual se emite la mostración de causa es dar una oportunidad al fiador de demostrar por qué no debe confiscarse la fianza. El tribunal también expuso que las circunstancias de este caso demuestran que cualquier omisión en requerir la mostración de causa en cuanto a una de las sentencias, quedó subsanada con la oportunidad que tuvo la fiadora de comparecer antes de que se procediera a la orden de confiscación para explicar

si había cumplido con la obligación contraída en el contrato de fianza.[3]

Inconforme Newport recurrió ante nos. Señala como único error:

> Erró el Honorable Tribunal de Circuito de Apelaciones al confirmar las sentencias confiscatorias prestadas por Newport. (Énfasis suprimido.) Petición de *certiorari*, pág. 6.

## II

Cuestiona la recurrente si procedía, a la luz del debido proceso de ley y de la jurisprudencia interpretativa, que el Tribunal de Primera Instancia confiscara las fianzas prestadas. Fundamentalmente plantea, en relación con las dos (2) fianzas confiscadas mediante su Sentencia de 5 de abril de 1993, que a Newport no le fue ordenado mostrar causa, según provisto por la Regla 227 de Procedimiento Criminal, *supra*, por la cual no debían confiscarse dichas fianzas; que al no hacerlo así el tribunal, se menoscababa su garantía constitucional al debido proceso de ley, Art. II, Sec. 7, Const. E.L.A., L.P.R.A., Tomo 1. Asimismo, sostuvo que tal acción constituía una privación de su derecho de propiedad consagrado también en nuestra carta magna.

En cuanto a la fianza confiscada mediante la Sentencia de 20 de abril de 1993, la recurrente alega que a la vista celebrada en esa fecha compareció una apoderada distinta y no relacionada con el apoderado que había refrendado las otras fianzas que eran objeto de la Sentencia de 5 de abril de 1993, quien no tenía conocimiento y no podía imputársele conocimiento de las fianzas confiscadas prematuramente. Señala, en consecuencia, que dicha vista no pudo en forma alguna subsanar la falta de notificación con relación a las fianzas confiscadas el 5 de abril de 1993.

---

[3] Sentencia del Tribunal de Circuito de Apelaciones de 6 de noviembre de 1995 (notificada el 29 de noviembre de 1995), págs. 5–6.

El Procurador General, por su parte, fundamentalmente plantea que la sentencia —que ahora se pretende impugnar alegando su nulidad— fue dictada el 5 de abril de 1993 y notificada el 8 de junio de 1993. Aún sin haberse emitido una orden para mostrar causa, el peticionario tuvo el tiempo razonable y suficiente para comparecer ante el tribunal a mostrar causa por la cual no debía ser confiscada la fianza prestada, pero no lo hizo dentro de los cuarenta (40) días que establece la regla. El peticionario sabía que al acusado se le imputaban seis (6) delitos, unos de naturaleza menos grave y otros de naturaleza grave; además, cuando se le ordenó mostrar causa por la cual no debía confiscarse la fianza prestada en el Caso Criminal Núm. KLA92G1155, tuvo la oportunidad de inquirir sobre todo el proceso y enterarse de que las fianzas prestadas en los Casos Núm. KLA92M0721 y Núm. KLA92M0723 serían confiscadas, tal como en efecto sucedió. El Procurador añade que cuando recibió notificación de la sentencia pudo haber impugnado el proceso y tampoco lo hizo. Véase Alegato del recurrido, pág. 10.

De otra parte, con relación a la sentencia dictada el 20 de abril de 1993 y notificada el 4 de junio de 1993, el peticionario acepta —y de hecho fue así— que el tribunal emitió una orden para mostrar causa por la cual no debía ser confiscada la fianza y que, en efecto, informó que no había podido localizar al acusado, y el tribunal dictó una sentencia confiscatoria. Posteriormente, el tribunal notificó su sentencia y el peticionario no compareció dentro del término de cuarenta (40) días que establece la referida Regla 227 de Procedimiento Criminal para que el tribunal la dejara sin efecto.

Mediante Resolución de 23 de febrero de 1996, expedimos el auto de *certiorari*. Habiendo comparecido ambas partes y con el beneficio de sus respectivos escritos, estamos en posición de resolver.

## III

Con el objetivo de facilitar la discusión del caso de autos, procede que dividamos las controversias, según acontecieron en el Tribunal de Primera Instancia. Atenderemos primero las incidencias de la vista de 5 de abril de 1993 donde se produjo la confiscación de dos (2) de las fianzas prestadas por Newport, aunque a ésta nunca se le ordenó mostrar causa, y en segundo lugar, aquellos eventos relacionados con la vista de 20 de abril de 1993, a la cual la fiadora compareció y presentó mostración de causa, siendo la fianza confiscada sin que la fiadora produjera al acusado dentro del término de cuarenta (40) días provisto por la regla.

■ La Constitución del Estado Libre Asociado de Puerto Rico dispone:

> Todo acusado tendrá derecho a quedar en libertad bajo fianza antes de mediar un fallo condenatorio. Art. II, Sec. 11, Const. E.L.A., L.P.R.A., Tomo 1, ed. 1982, pág. 308.

Por su parte, las Reglas 218 y 219 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, regulan las disposiciones relacionadas al tema de la fianza.

Sobre la fianza en procedimientos criminales, sabido es que ésta "se requiere históricamente para asegurar la presencia del acusado en las diversas etapas del juicio". *Pueblo v. Negrón Vázquez*, 109 D.P.R. 265, 266–267 (1979).

■ Anteriormente hemos dicho,[4] y más recientemente lo reiteramos en *Pueblo v. Cía. de Finanzas de P.R.*, 139 D.P.R. 206 (1995), que el contrato de fianza es un acuerdo entre el fiador y el Estado, en el cual aquél se compromete a garantizar la comparecencia del acusado a todas las etapas del procedimiento criminal seguido en su

---

[4] Específicamente, en *Pueblo v. Félix Avilés*, 128 D.P.R. 468, 480 (1991).

contra. No obstante, la no comparecencia del acusado a alguna de las instancias del proceso —sin que medie razonable justificación— será causa suficiente para que el tribunal decrete la confiscación de la fianza a favor del Estado. Véase, además, la Exposición de Motivos de la Ley Núm. 55 de 1ro de julio de 1988, Leyes de Puerto Rico, págs. 280–282, que tuvo el efecto de enmendar la citada Regla 227 de Procedimiento Criminal, *supra*, a los efectos de consignar la responsabilidad asumida por el fiador frente al Estado.

Así también, la Regla 227 de Procedimiento Criminal, *supra*, rige el procedimiento a seguir en caso de ser necesario confiscar la fianza prestada. A esos efectos establece, en lo pertinente:

REGLA 227. FIANZA; PROCEDIMIENTO PARA
SU CONFISCACION; INCUMPLIMIENTO DE
CONDICIONES; DETENCION

(a) *Fianza; confiscación.* Si el acusado dejare de cumplir cualquiera de las condiciones de la fianza, el tribunal al que correspondiere conocer del delito ordenará a los fiadores o al depositante que muestren causa por la cual no deba confiscarse la fianza o el depósito. La orden se notificará personalmente o se remitirá por correo certificado a la dirección que se le conociere a los fiadores o a sus representantes, agentes o apoderados o al depositante. En los casos en que el fiador tenga un apoderado, agente o representante, la debida notificación a este último surtirá los mismos efectos que si se hiciera al fiador.

Si los fiadores o el depositante explicaren satisfactoriamente el incumplimiento en que se funda la orden, el tribunal podrá dejarla sin efecto bajo las condiciones que estimare justas.

De no mediar explicación satisfactoria para tal incumplimiento, el tribunal procederá a dictar sentencia sumaria contra los fiadores o el depositante confiscando el importe de la fianza o depósito pero la misma no será firme y ejecutoria hasta cuarenta (40) días después de haberse notificado. Si dentro de ese período los fiadores llevaren al acusado a presencia del tribunal, éste dejará sin efecto dicha sentencia.

Transcurrido el período antes prescrito y en ausencia de muerte, enfermedad física o mental del fiado sobrevenida antes de la fecha en que sea dictada la sentencia ordenando la con-

fiscación de la fianza, el fiador responderá con su fianza por la incomparecencia del acusado al tribunal.

Convertida en firme y ejecutoria una sentencia confiscando la fianza o el depósito, el secretario del tribunal, sin necesidad de ulterior requerimiento, remitirá inmediatamente copia certificada de dicha sentencia al Secretario de Justicia para que proceda a la ejecución de la misma de acuerdo a la Regla 51 de Procedimiento Civil para el Tribunal General de Justicia, Ap. III del Título 32, e igualmente remitirá al Secretario de Hacienda el depósito en su poder.

Disponiéndose, que el tribunal a su discreción podrá dejar sin efecto la sentencia de confiscación en cualquier momento anterior a la ejecución de dicha sentencia, siempre que medien las siguientes circunstancias:

(1) Que los fiadores hayan producido al acusado ante el tribunal.

(2) Que el tribunal constate a su satisfacción el hecho anterior.

La solicitud para que se deje sin efecto la sentencia se hará mediante moción la cual se presentará dentro de un término razonable pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden. Una moción a tales fines no afectará la finalidad de una sentencia, ni suspenderá sus efectos. (Énfasis suplido.)

En cuanto al procedimiento mediante el cual se producirá la entrega del acusado al tribunal, la Regla 225 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, señala que:

Con el objeto de llevar a cabo la entrega del acusado, los fiadores podrán en cualquier momento antes de haber sido finalmente exonerados, y en cualquier lugar dentro del territorio del Estado Libre Asociado de Puerto Rico, arrestarlo ellos mismos, o facultar para ello, por medio de una autorización escrita al dorso de la copia certificada de la fianza, a cualquier persona que tenga la edad y discreción suficientes.

La Regla 227 de Procedimiento Criminal, *supra*, provee la alternativa de que el tribunal, a su discreción, pueda dejar sin efecto una sentencia de confiscación previamente emitida, siempre que el fiador lleve al acusado ante el tribunal. A esos efectos, hemos opinado que cuando el acusado está encarcelado por delitos distintos a los ori-

ginalmente imputados, será suficiente con que el fiador informe su paradero y diligencie la orden de arresto correspondiente en la institución penal para que se entienda que el fiador ha cumplido con el requisito de llevar al acusado a la presencia del tribunal. En estas instancias no es necesaria su la entrega física. Con esta interpretación lo que se busca es promover que los fiadores se involucren en aquellas gestiones que sean necesarias para asegurar la comparecencia del acusado al procedimiento en su contra. *Pueblo v. Rivera Segarra*, supra, pág. 168.

■ Asimismo, la Regla 227 de Procedimiento Criminal, *supra*, es clara sobre el proceso que los tribunales tienen que seguir al momento de confiscar una fianza por la incomparecencia del acusado a alguna de las etapas en el procedimiento judicial. Concretamente, ésta requiere como parte del proceso que el tribunal emita una orden para brindar la oportunidad a la compañía fiadora de comparecer y mostrar causa del porqué no debe confiscarse una determinada fianza.

Con el propósito de salvaguardar el derecho de propiedad de las compañías fiadoras, nuestra Asamblea Legislativa, a través de la Regla 227 de Procedimiento Criminal, *supra*, exige que antes de que el tribunal pueda confiscar sumariamente el dinero correspondiente a las fianzas, la parte que habrá de verse afectada pueda comparecer y plantear sus objeciones.

Exactamente eso fue lo que no se hizo en el caso de autos. Debemos tener en cuenta que la compañía fiadora, Newport, había prestado tres (3) fianzas que respondían por delitos distintos. Dos (2) de ellas fueron prestadas por conducto de la misma persona, el señor Beníquez Díaz, y la otra había sido refrendada por conducto de la Sra. María del Carmen Beníquez. El Tribunal de Primera Instancia, sin emitir una orden ni señalar una vista para mostrar causa como lo requiere la Regla 227 de Procedimiento Cri-

minal, *supra*, confiscó sumariamente las fianzas Núm. KLA92M0721 y Núm. KLA92M0723 en la vista de 5 de abril de 1993, a la que no compareció el acusado. Más aún, no podemos perder de perspectiva que las fianzas fueron refrendadas por dos (2) agentes distintos, uno de los cuales —el que refrendó las fianzas confiscadas el 5 de abril de 1993— había cesado en su posición. Aún si pudiera imputársele a la Sra. María del Carmen Beníquez algún conocimiento de la situación surgida en la vista de 5 de abril de 1993 cuando compareció a la vista de 20 de abril de 1993 en relación con otra fianza del mismo acusado, ello no es excusa para incumplir con el requisito de emitir una orden para mostrar causa en el primer caso.

■ Dada esta sucesión de hechos, sólo nos resta ceñirnos estrictamente a la disposición legal aplicable y ésta, según descrita, establece que el tribunal ordenará que se muestre causa. La Regla 227 de Procedimiento Criminal, *supra*, no dispone un procedimiento discrecional, sino mandatorio, en lo que respecta a la orden para mostrar causa. Ante tan obvio e inexcusable incumplimiento con la ley, la sentencia dictada el 5 de abril de 1993 para confiscar las fianzas prestadas por Newport debe ser dejada sin efecto.

IV

En cuanto a la fianza prestada por Newport por conducto de la agente María del Carmen Beníquez, surge de los autos que a ésta sí se le citó a una vista el 20 de abril de 1993 para que mostrara causa por la cual no se debía confiscar la fianza Núm. KLA92G1155. Ella compareció; no obstante, se confiscó la fianza. Posteriormente alegó que compareció dentro de los cuarenta (40) días que dispone la Regla 227 de Procedimiento Criminal, *supra*, para llevar al acusado al tribunal. No tiene razón.

La fiadora presentó, el 16 de septiembre de 1993, una moción sobre la solicitud de exoneración, en la cual indi-

caba que el acusado se encontraba ingresado en la Institución Industrial Regional Metropolitana. Acompañó con dicha moción la certificación de la Administración de Corrección para cancelar las fianzas. Es obvio que lo hizo más de cuarenta (40) días después de haberse notificado la sentencia. Entre el 4 de junio de 1993, cuando se archivó en autos la copia de la notificación de la sentencia, al 16 de septiembre de 1993, transcurrió un lapso de tiempo en exceso de cien (100) días.

Transcurridos los cuarenta (40) días que provee la Regla 227 de Procedimiento Criminal, *supra*, la sentencia de confiscación es firme y ejecutoria. Es discrecional del tribunal dejar sin efecto la sentencia, si ésta no fuera ejecutada y se produce al acusado ante el tribunal dentro de los seis (6) meses de ser firme y ejecutoria la sentencia. *Frau v. Corte*, 54 D.P.R. 709 (1939).

El tribunal de instancia determinó, mediante la orden de 29 de septiembre de 1993, que no había ningún fundamento ni evidencia que justificara dejar sin efecto la Sentencia de 20 de abril de 1993.

Claramente era discrecional del juez dejar sin efecto la sentencia, ya que habían transcurrido más de cuarenta (40) días. No es apropiado, según estas circunstancias, intervenir con la determinación del Tribunal de Primera Instancia. A diferencia del caso *Pueblo v. Rivera Segarra*, supra, en el cual las gestiones para informar debidamente al tribunal del paradero del acusado se realizaron dentro de los cuarenta (40) días siguientes a la notificación de la sentencia, en el caso de autos tales gestiones fueron posteriores a dicho término. En vista de ello, confirmamos la sentencia de 20 de abril de 1993.

Por los fundamentos antes expuestos, *dejamos sin efecto la sentencia de confiscación de 5 de abril de 1993 y confirmamos la de 20 de abril de 1993, dictadas por el Tribunal de Primera Instancia.*

*Se dictará la sentencia correspondiente.*

El Juez Asociado Señor Fuster Berlingeri concurrió en cuanto se confirma la sentencia de confiscación de 20 de abril de 1993, y disintió en cuanto se revoca la de 5 de abril de 1993. El Juez Asociado Señor Negrón García se inhibió.