EL PUEBLO DE PUERTO RICO, demandante y recurrido, *v.* JORGE NEGRÓN VÁZQUEZ, acusado; MIGUEL A. RODRÍGUEZ, fiador peticionario.

*Número:* O-79-423          *Resuelto:* 28 de noviembre de 1979

*Hermes Acevedo Lebrón,* abogado del peticionario; *Héctor A. Colón Cruz, Procurador General, y Marta Quiñones de Torres, Procuradora General Auxiliar,* abogados de El Pueblo.

EL JUEZ PRESIDENTE SEÑOR TRÍAS MONGE emitió la opinión del Tribunal.

Este caso plantea una cuestión novel sobre la responsabilidad del fiador bajo la Regla 219(a) de Procedimiento Criminal.

El acusado estuvo en libertad bajo fianza, prestada por el peticionario, mientras se ventilaron las acusaciones contra él. Fue declarado culpable y convicto, se le sentenció y se le concedió la libertad a prueba. El acusado compareció debidamente a todas las fases del procedimiento.

Al cabo de varios meses se señaló una vista para la revocación de la libertad a prueba y la determinación de si debía confiscarse la fianza. El tribunal de instancia resolvió que, debido a que el fiador no había podido localizar al convicto, la Regla 219(a) exigía la confiscación de la fianza prestada.

El 11 de octubre de 1979 dictamos orden de mostrar causa por la cual no debemos revocar la resolución emitida. El Ministerio Público se ha allanado a la revocación, mas la cuestión presentada posee tal valor normativo que debemos pronunciarnos sobre el particular.

La Regla 219(a) dispone:

"*Antes de la convicción.* Toda fianza prestada en cualquier momento antes de la convicción garantizará la comparecencia del acusado ante el magistrado o el tribunal correspondiente y su sumisión a todas las órdenes, citaciones y procedimientos de los mismos, incluyendo el pronunciamiento y la ejecución de la sentencia, así como la comparecencia del acusado a la vista preliminar en los casos apropiados, y que en su defecto los fiadores pagarán al Estado Libre Asociado de Puerto Rico determinada cantidad de dinero."

La fianza suscrita por el peticionario se atiene básicamente al lenguaje de la regla citada. La parte de la regla que causa dificultad especial es la requiere que se garantice "la ejecución de la sentencia". ¿Qué significa esta frase? ¿Cuándo es que termina la responsabilidad del fiador?

La Regla 219(a) proviene principalmente de las disposiciones del Art. 375 del Código de Enjuiciamiento Criminal de Puerto Rico de 1935, que se fundó a su vez en el Art. 1273 del Código Penal de California, 51 West's Anno. Cal. Codes, Penal, sec. 1273, y de lo provisto en la Regla 82 del Código Modelo de Procedimiento Criminal, A.L.I., Phil., 1930. No hay indicio de que estos cuerpos de ley intentaron alterar el objetivo histórico de la fianza antes de la convicción.

La fianza antes de la convicción se requiere históricamente para asegurar la presencia del acusado en las

diversas etapas del juicio. *Ex parte Milburn* (1835, U.S.), 9 Pet 704, 9 L.Ed. 280; 6 Orfield, *Criminal Procedure under the Federal Rules*, 1967, secs. 46.1 y 46.77; 2 Wharton, *Criminal Procedure*, 12th ed., 1975, sec. 306. No hemos hallado precedentes para el uso de la fianza tradicional antes de la convicción con el fin de asegurar el cumplimiento de la pena.

La fianza se extingue en California al entregarse al acusado para su ingreso a prisión o al concedérsele la libertad a prueba. *People* v. *Doe*, 342 P.2d 533 (Cal. App. 1959); *Cf. People* v. *Allied Fidelity Ins. Co.*, 147 Cal. Rptr. 245, 247 (Cal. App. 1978); Witkin, *California Criminal Procedure*, 1963, págs. 152–153. En ambas situaciones, la custodia pasa de las manos del fiador a las del Estado. Así lo reconoce expresamente nuestra legislación sobre la libertad a prueba cuando afirma que "una vez puesta a prueba, la persona quedará bajo la custodia legal del tribunal hasta la expiración del período máximo de la sentencia". 34 L.P.R.A. sec. 1027. La responsabilidad del fiador expira, por tanto, en ausencia de obligación contraria, cuando entrega la custodia del acusado a la autoridad competente.

¿Cómo se explica entonces el mandato de la Regla 219(a) de que el fiador garantiza la comparecencia del acusado al pronunciamiento y "la ejecución de la sentencia"? La explicación es que, dentro del contexto de esta situación, según los precedentes citados, la ejecución de la sentencia difiere de su cumplimiento. Bajo nuestro actual ordenamiento jurídico, la sentencia en un caso penal se ejecuta cuando el convicto se somete a la misma, cuando se le entrega a la custodia del Estado. Después es que la cumple. La confusión parece haber surgido al traducir el texto original en inglés del Art. 378 de nuestro Código de Enjuiciamiento Criminal de 1935, en que se expresaba que el acusado, "if convicted, will appear for judgment, and render himself in execution thereof". Esta frase nunca fue utilizada en California para ampliar la garantía del fiador más allá de sus límites

conocidos. No hallamos razón para interpretarla de modo diferente.

No es necesario que nos pronunciemos en este caso, por no haberse planteado, sobre si la Ley Núm. 259 de 3 de abril de 1946, según enmendada, 34 L.P.R.A. sec. 1026 y ss., que establece nuestro sistema de libertad a prueba, permite la prestación de una fianza separada como condición para suspender los efectos de una sentencia. Existen posiciones encontradas sobre el hecho de si la libertad a prueba debe condicionarse de este modo. El Código Penal Modelo (10 U.L.A.), St. Paul, 1974, Art. 301.1, favorece la condición. La Asociación Americana de Abogados la proscribe. *Standards Relating to the Administration of Criminal Justice*, 1974, "Probation", sec. 3.2(e). Un estudio del Departamento de Justicia de Puerto Rico, *Probation in Puerto Rico*, s.f., mimeo, pág. 54, tampoco recomienda este tipo de fianza. La cuestión exige estudio detenido cuando se suscite.

*Por las razones expuestas se expide el auto y se revoca la resolución recurrida.*

El Juez Asociado Señor Negrón García no intervino. El Juez Asociado Señor Dávila concurre en el resultado.