# 95 DTA 42

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE SAN JUAN**

EL PUEBLO DE PUERTO RICO
Recurrido

v.

ANDRES CRESPO RIVERA
C/P WILLIAM CRESPO RIVERA
Acusado

Núm. KLCE-95-00024

EL PUEBLO DE PUERTO RICO
Recurrido

v.

HERNANDO MARRERO MELENDEZ
Acusado

INTERNATIONAL FIDELITY INSURANCE COMPANY
Aseguradora Peticionaria

Núm. KLCE-95-00032

San Juan, Puerto Rico, a 31 de marzo de 1995

Panel integrado por su presidente, Juez Rossy García,
y los Jueces Alfonso de Cumpiano y Negrón Soto

## TEXTO COMPLETO DE LA SENTENCIA

Los recursos instados ·en los casos de epígrafe interesan la revisión de dos resoluciones emitidas por el Tribunal Superior Sala de San Juan, Hon. Crisanta González de Rodríguez Juez, mediante las cuales denegó las mociones que por separado y dentro de los cuarenta (40) días dispuestos en la Regla 227 de Procedimiento Criminal, 34 L.P.R.A. Ap. II R. 227 presentó la aquí peticionaria International Fidelity Insurance Co. en solicitud de que se dejaran sin efecto las sentencias emitidas ordenando·la confiscación de las fianzas por ella prestadas para garantizar la comparecencia de los acusados de epígrafe.

El 28 de febrero de 1995 emitimos resolución en el caso KLCE-95-00024 para que el Ministerio Público mostrara causa por la cual no debíamos expedir el auto solicitado para revocar el dictamen recurrido. Posteriormente y mediante resolución de 16 de marzo de 1995 ordenamos la consolidación de los casos de epígrafe, ello a solicitud de la peticionaria y por presentar éstos cuestiones comunes de hecho y de derecho.

En atención a lo ordenado compareció el Ministerio Público mediante escrito en el que aduce argumentos que no nos persuaden a cambiar el curso decisional intimado. Encontrándonos en condición de resolver procedemos a hacerlo.

### I
Para colocar la cuestión de derecho que nos compete resolver en correcta perspectiva veamos los hechos pertinentes y el trámite procesal que condujo a los dictámenes recurridos.

Dirigiendo nuestra atención inicialmente al caso KLCE-95-0024 se desprende de los autos que contra el Sr. Andrés Crespo Rivera se presentó una denuncia imputando la comisión del delito de robo lo que dio base a la correspondiente determinación de causa probable para la expedición de una orden de arresto en su contra con una fianza de $10,000.00 como condición para su libertad provisional. El 14 de julio de 1994 la peticionaria expidió documento de fianza por dicha suma comprometiéndose a garantizar la comparecencia del imputado. Luego del trámite procesal correspondiente se señaló el caso para vista en su fondo para el 4 de agosto de 1994. En ocasión de dicha vista el acusado no se personó al tribunal por lo que el tribunal ordenó la citación de los fiadores para que mostraran causa por la cual no debía disponerse la confiscación de la fianza prestada. Ordenó asimismo el arresto del acusado por desacato con una fianza de $10,000.00 y reseñaló el caso para el 17 de agosto de 1994■

En ocasión del nuevo señalamiento compareció la peticionaria a través de su representante para informar las gestiones realizadas para localizar al acusado. En atención a lo allí expuesto el tribunal concedió a la peticionaria un término adicional de dos semanas para localizar al acusado y transfirió el juicio para el 29 de agosto de 1994.■ En dicha ocasión compareció el representante de la peticionaria para indicar que los vecinos del lugar donde residía el acusado le habían informado que el nombre correcto de éste es William Crespo Rivera; que el padre del acusado no le pudo brindar información sobre su paradero; y que éste estaba siendo buscado por el Proyecto de Fianzas Aceleradas.■ Procedió entonces el tribunal a emitir sentencia ordenando la confiscación de la fianza prestada.

El 21 de septiembre de 1994 por gestiones del Proyecto de Fianzas Aceleradas se arrestó al acusado como parte de unos sucesos no relacionados con el caso de robo antes indicado. Una vez la peticionaria advino en conocimiento de dicho arresto y de que el acusado se encontraba bajo la custodia del Estado procedió a presentar el 7 de octubre de 1994 o sea antes de la expiración del término de cuarenta (40) días dispuesto por la Regla 227 de Procedimiento Criminal para que la sentencia de confiscación adviniera firme y ejecutoria, *"Moción Solicitando que se Deje Sin Efecto Sentencia Confiscando Fianza"*. En la misma informó al tribunal sobre el paradero del acusado y su disponibilidad para ser sometido a juicio. Considerada como fue dicha moción la misma fue declarada No Ha Lugar. Al así resolver indicó el tribunal que *"[el] acusado se consiguió por gestiones del Proyecto Fianzas Aceleradas en otros casos y no por la International Fidelity ...".*

Dirigiendo nuestra atención ahora al caso KLCE-95-00032, se desprende de los autos que por hechos ocurridos el 9 de julio de 1994 se presentó denuncia contra el Sr. Hernando Marrero Meléndez por infracción al artículo 401 de la Ley de Sustancias Controladas por cuyo delito el tribunal ordenó su arresto fijándole una fianza por la suma de $10,000.00 que fue prestada por la peticionaria. El día asignado para la vista preliminar el imputado no compareció a la misma ni excusó su incomparecencia lo que dio base a que el tribunal *determinara causa probable en ausencia contra el imputado. Autorizó así la radicación de la acusación correspondiente y emitió orden dirigida a la peticionaria para que produjera al imputado para la fecha asignada para el acto de lectura de acusación. El 14 de octubre de 1994 fecha asignada para dicho acto, tampoco compareció el imputado, lo que llevó al tribunal a emitir nueva orden dirigida al representante de la aquí peticionaria Sr. Ernesto Mojica, para que éste mostrara causa para no confiscar la fianza prestada a favor de dicho imputado. En ocasión del nuevo señalamiento se personó el Sr. Mojica para informar que como resultado de las gestiones realizadas para localizar al imputado se había enterado que éste se encontraba en los Estados Unidos. Procedió entonces el tribunal a emitir sentencia ordenando la confiscación de la fianza, la que fue notificada el 10 de noviembre del mismo año."* ■

Se desprende de los autos que al advenir en conocimiento el imputado de la expedición de

la nueva orden de arresto en su contra, procedió a entregarse voluntariamente a las autoridades ▇ siendo ingresado en la Penitenciaría Estatal de Río Piedras el 19 de noviembre de 1994.

El 21 de noviembre de 1994 o sea dos días luego del arresto e ingreso a prisión del acusado y once días después de la notificación de la sentencia mediante la cual se ordenó la confiscación de la fianza la peticionaria notificó al tribunal sobre el paradero del acusado y le solicitó un pronunciamiento que dejara sin efecto la confiscación. En apoyo de su solicitud adujo que el acusado había sido arrestado e ingresado en prisión y que, al no haber transcurrido el término de cuarenta (40) días dispuesto en la Regla 227 de Procedimiento Criminal para *"traer al acusado a la presencia del tribunal"*, la sentencia que ordenó la confiscación de la fianza aún no era firme y procedía en consecuencia que la misma se dejara sin efecto.

Al igual que en el primero de los casos, el tribunal de instancia denegó la solicitud de la peticionaria por el fundamento de que el acusado no se consiguió por gestiones directas de la fiadora sino por otros medios. Al así dictaminar en ambos casos interpretó que la Regla 227 de Procedimiento Criminal sólo permite dejar sin efecto la sentencia de confiscación de fianza cuando mediante gestiones directas de la fiadora y dentro de los términos prescritos por la referida regla, se arresta y se *"trae"* o *"produce"* el acusado ante el tribunal. Al así resolver incidió.

## II

Como sabemos nuestra Constitución en la Sección 11 del Artículo II establece afirmativamente que toda persona acusada de delito tiene derecho a quedar en libertad bajo fianza antes de mediar un fallo condenatorio. Por su parte, las Reglas de Procedimiento Criminal --Reglas 6.1 y 218 a 228 34 L.P.R.A. Ap. II-- trazan detalladamente la forma en que se impondrá, aceptará y confiscará la fianza en los tribunales de Puerto Rico. *Pueblo v. Morales Vázquez*, ___ D.P.R. ___ (1991), **91 J.T.S. 90** a la pág. 8998. Podemos así afirmar que todo acusado tiene derecho a fianza antes de la convicción, mecanismo del cual se vale el Estado para asegurar la presencia física del acusado en el proceso. *Pueblo v. Negrón Vázquez*, 109 D.P.R. 265 266 267 (1979). Dentro de este esquema surge el contrato de fianza, acuerdo entre el fiador y el Estado mediante el cual el primero se compromete a garantizar la presencia del imputado de delito ante el tribunal que celebra el juicio en su contra. *Pueblo v. Félix Avilés*, **91 J.T.S. 50**, a la pág. 8636. Al convertirse contractualmente en garante de la comparecencia del acusado, el fiador recibe una delegación de parte del Estado de su poder de custodia sobre las personas imputadas de delito ▇ Por eso *"[d]e no cumplir su compromiso el fiador viene obligado a pagar al Estado la cantidad consignada camo fianza".* *Pueblo v. Félix Avilés, supra* a la pág. 8637. Dirigiendo nuestra atención a lo dispuesto en la Regla 227 de Procedimiento Criminal 34 L.P.R.A. Ap. II, según enmendada por la Ley Núm. 55 de 1 de julio de 1988 ésta rige el procedimiento a seguirse para la confiscación de la fianza en aquellos casos en que el fiador incumple su deber de asegurar la comparecencia del acusado. Esta dispone lo siguiente:

*"REGLA 227: FIANZA; PROCEDIMIENTO PARA SU CONFISCACION; INCUMPLIMIENTO DE CONDICIONES; DETENCION*

*(a) Fianza; Confiscación. Si el acusado dejare de cumplir cualquiera de las condiciones de la fianza, el tribunal al que correspondiere conocer del delito ordenará a los fiadores o al depositante que muestren causa por la cual no deba confiscarse la fianza o el depósito. La orden se notificará personalmente o se remitirá por correo certificado a la dirección que se le conociere a los fiadores o a sus representantes, agentes o apoderados o al depositante. En los casos en que el fiador tenga un apoderado agente o representante la debida notificación a este último surtirá los mismos efectos que si se hiciera al fiador.*

*Si los fiadores o el depositante explicaren satisfactoriamente el incumplimiento en que se funda la orden el tribunal podrá dejarla sin efecto bajo las condiciones que estimare justas.*

**De no mediar explicación satisfactoria para tal incumplimiento el tribunal procederá a dictar sentencia sumaria contra los fiadores o el depositante confiscando el importe de la fianza o depósito pero la misma no será firme y ejecutoria hasta cuarenta (40) días después de haberse notificado. Si dentro de ese período los fiadores llevaren al acusado a presencia del tribunal éste dejará sin efecto dicha sentencia.**

*Transcurrido el período antes prescrito y en ausencia de muerte, enfermedad física o mental del fiado sobrevenida antes de la fecha en que sea dictada la sentencia ordenando la confiscación de la fianza, el fiador responderá con su fianza por la incomparecencia del fiado al tribunal.*

*Convertida en firme y ejecutoria una sentencia confiscando la fianza o el depósito, el secretario del tribunal sin necesidad de ulterior requerimiento remitirá inmediatamente copia certificada de dicha sentencia al Secretario de Justicia para que proceda a la ejecución de la misma de acuerdo a [sic] la Regla 51 de Procedimiento Civil para el Tribunal General de Justicia Ap. III del Título 32 e igualmente remitirá al Secretario de Hacienda el depósito en su poder.*

**Disponiéndose que el tribunal a su discreción podrá dejar sin efecto la sentencia de confiscación en cualquier momento anterior a la ejecución de dicha sentencia siempre que medien las siguientes circunstancias:**

**(1) Que los fiadores hayan producido al acusado ante el tribunal.**

**(2) Que el tribunal constate a su satisfacción el hecho anterior.**

**La solicitud para que se deje sin efecto la sentencia se hará mediante moción la cual se presentará dentro de un término razonable Pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden.** *Una moción a tales fines no afectará la finalidad de una sentencia, ni suspenderá sus efectos."* [...] (Subrayado nuestro).

Una lectura integral de la disposición reglamentaria antes citada refleja claramente que su finalidad no es otra que darle un incentivo al fiador bien sea éste persona natural o jurídica para que desempeñe diligentemente su deber de custodiar y conseguir la comparecencia del acusado durante las diversas etapas del juicio. De hecho al aprobarse la Ley Núm. 55 de 1 de julio de 1988 para enmendar la Regla 227 de Procedimiento Criminal, el legislador expresó que *"[a]l tomar esta medida con los fiadores aún [sic] en los casos en que el Estado puede traer al tribunal al acusado por otros medios asegura una mayor diligencia por parte del fiador para asegurar la presencia del acusado durante el proceso judicial. La participación más activa del fiador en el proceso disminuye la posibilidad de incomparecencia de los acusados en los tribunales para responder de los delitos que se le imputan".* Exposición de Motivos, Ley Núm. 55, *supra.* En este contexto, debe interpretarse que la *"participación más activa de los fiadores"* que persigue el legislador a través del texto vigente de la Regla 227 de Procedimiento Criminal puede incluir, pero no limitarse a los esfuerzos por lograr el arresto físico del acusado que luego de ser puesto en libertad bajo fianza, no comparece al juicio. Dicho de otro modo la regla en controversia no debe interpretarse de modo tal que el *"producir al acusado"* signifique exclusivamente la gestión de arrestar al acusado y ponerlo a disposición del foro que habrá de conocer la causa en su contra; antes bien la interpretación debe ser cónsona con la realidad de que una vez el imputado incumple con su obligación de comparecer ante el tribunal se ponen en marcha una serie de mecanismos investigativos independientes entre sí que incluyen, pero no se limitan al fiador que se ha obligado a

responder por la incomparecencia del acusado. En la búsqueda del imputado evadido toman parte además del fiador concernido alguaciles del tribunal e incluso la propia fuerza policíaca, bien por razón de la evasión misma como por la imputación anterior o posterior de algún delito distinto a aquél por el cual se le procesa en libertad bajo fianza. Como regla general, cada una de estas entidades realiza esfuerzos independientes y diligencias encaminadas a lograr el arresto y posterior enjuiciamiento del acusado█ Por lo tanto, una interpretación restrictiva de las frases *"llevar al acusado a presencia del tribunal"* y *"producir al acusado"* para significar que sólo se dejará sin efecto la sentencia de confiscación de fianza cuando sea mediante gestiones directas del fiador que se traiga al acusado ante el tribunal, resulta incompatible con la realidad de que varios organismos participan en la búsqueda del acusado evadido y que, de ordinario sólo uno de ellos logra aprehenderlo. Asimismo tal interpretación restrictiva tiende a desvirtuar y desalentar los esfuerzos y diligencias que llevan a cabo los fiadores en el descargo de la responsabilidad asumida, para asegurar la comparecencia del fiado y proteger su interés económico.

Concluimos así que a pesar que el fiador tiene autoridad para arrestar al acusado en cualquier momento, lo que obviamente constituye la forma más efectiva de llevar al acusado ante la presencia del tribunal dentro de los términos prescritos por la Regla 227 de Procedimiento Criminal para evitar así la confiscación de la fianza ello no quiere decir que ésta sea la *"única"* forma válida de *"producirlo"*. Tampoco puede significar que si la fiadora no efectúa directamente el arresto, el juzgador deba ignorar cualquier otra gestión que ésta hubiese realizado al momento de decretar la confiscación de la fianza. Concluir lo contrario desalentaría la realización de diligencias de suma importancia posteriores al arresto del acusado como la de notificar inmediatamente al tribunal sobre el paradero del acusado de manera que se pueda proceder expeditamente a la celebración del juicio.

Independientemente de lo antes indicado, la Regla 227 dispone en forma clara y sin ambages que la sentencia que emita el tribunal contra los fiadores o el depositante confiscando el importe de la fianza *"no será firme y ejecutoria hasta cuarenta (40) días después de haberse notificado"* y que *"[si] dentro de ese período los fiadores llevaren al acusado a presencia del tribunal, éste dejará sin efecto dicha sentencia"*. Tal lenguaje establece diáfanamente el momento en que la sentencia confiscando una fianza habrá de advenir final para ser ejecutable, obviamente con el propósito de brindar una oportunidad a los fiadores para llevar al acusado a la presencia del tribunal dentro de dicho término y evitar así la confiscación de la fianza prestada. También es claro en cuanto al efecto de producir al acusado dentro de dicho término, al ordenar que en tal caso el tribunal *"dejará sin efecto dicha sentencia"*. Observamos así que en tal caso ninguna discreción tiene el tribunal para negarse a relevar a un fiador de los efectos de tal sentencia. Fortalece nuestro criterio el hecho de que la propia Regla 227 confiere discreción al tribunal para dejar sin efecto la sentencia de confiscación *"en cualquier momento anterior a la ejecución de dicha sentencia"* lo que implica que haya transcurrido dicho término inicial de cuarenta (40) días siempre que concurran los siguientes requisitos: (1) que la fiadora haya producido al acusado ante el tribunal; (2) que el tribunal constate a su satisfacción el hecho anterior; y (3) que la moción sea presentada antes de transcurridos seis (6) meses de haberse registrado la sentencia. Ello contrasta con el lenguaje utilizado para el caso en que *"los fiadores llevaren al acusado presencia del tribunal dentro de dicho período de cuarenta (40) días en cuyo caso éste dejará sin efecto dicha sentencia"*. Como sabemos, es principio fundamental en la interpretación estatutaria que no se pueden tomar aisladamente los dintintos apartados de la ley sino que deben tomarse todos en conjunto, íntegramente. Esto significa que toda ley debe ser examinada y comparadas sus partes, de suerte que sean hechas consistentes y tengan efecto. Para ello deben interpretarse las diferentes secciones, las unas en relación con las otras, completando o supliendo lo que falta o sea oscuro en una con lo dispuesto en la otra, procurando siempre dar cumplimiento al propósito del legislador. R. Elfren Bernier y José A. Cuevas Segarra, *Aprobación e Interpretación de las Leyes en Puerto Rico,* Publicaciones

### III

En la situación particular de los casos consolidados de epígrafe se desprende de los autos que la fiadora realizó sin éxito gestiones dirigidas a arrestar y producir a los acusados ante el tribunal. Así informó al tribunal el resultado de las gestiones realizadas en las ocasiones en que fue citada. Surge también que luego de ordenarse la confiscación de las fianzas los acusados fueron arrestados por personas distintas a la fiadora peticionaria. En lo que respecta al caso del Sr. Crespo Rivera, el tribunal de instancia notificó la sentencia de confiscación el 31 de agosto de 1994 siendo éste arrestado veintiún (21) días luego de notificarse la sentencia. Otro tanto ocurrió en el caso del Sr. Marrero Meléndez, cuyo arresto se produjo luego de su entrega voluntaria. En ambos casos, antes de la expiración del término de cuarenta (40) días desde la notificación de la sentencia de confiscación, la peticionaria informó al tribunal mediante moción el paradero de los acusados, ya ingresados y bajo la custodia del Estado, y solicitó a su vez el relevo de la sentencia emitida ordenando la confiscación de la fianza.█ En tales circunstancias forzoso resulta concluir que verificados como fueron el arresto y la encarcelación de ambos acusados, la gestión de informar al tribunal con diligencia su paradero y disponibilidad para ser sometidos a juicio era todo lo que podía hacer la fiadora para descargar su obligación de *"producir al acusado"*, por lo que la peticionaria descargó su deber de *"producir al acusado ante el tribunal"* con la inmediata notificación. Concluimos también que tal gestión afirmativa por parte de la peticionaria antes de expirar el término de cuarenta (40) días desde la notificación de la sentencia dispuesto por la Regla 227, la colocó en posición de solicitar en tiempo oportuno, como lo hizo, el relevo de los efectos de las sentencias que ordenaban la confiscación de las fianzas por ella prestadas para beneficio de dichos acusados. En consecuencia, ninguna discreción tenía el tribunal de instancia para negarse a dejar sin efecto dichas sentencias.

### IV

Por los fundamentos antes expuestos se expide el auto solicitado en las casos consolidados de epígrafe para dictar sentencia revocatoria de las resoluciones recurridas. En tal virtud se dejan sin efecto las sentencias emitidas en los casos KPD94-G2140 y KSC94-G0680, mediante las cuales se decretó la confiscación de las fianzas prestadas por la peticionaria en dichos casos.

Lo acuerda el tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

#### ESCOLIOS 95 DTA 42

1. Véase Minuta correspondiente a la vista efectuada el día 4 de agosto de 1994 así como las Ordenes expedidas en igual fecha págs. 8 a 10 del Apéndice de la Petición de *Certiorari* del caso KLCE9500024.

2. Véase Minuta correspondiente a la vista efectuada el 16 de agosto de 1994.

3. Véase Minuta correspondiente a la vista efectuada el 29 de agosto de 1994, Apéndice de la Petición de *Certiorari* KLCE9500024, pág. 13.

4. Véase Minuta correspondiente a la vista efectuada el 27 de octubre de 1994 y la sentencia emitida en igual fecha, Apéndice de la Petición de *Certiorari* del caso KLCE9500032, págs. 8, 11 y 12.

5. Véase Minuta correspondiente a la vista efectuada el 2 de diciembre de 1994, Apéndice de la Petición de *Certiorari* del caso KLCE9500032 pág. 16.

**6.** Véase *Informe de la Comisión de lo Jurídico de 26 de abril de 1988 sobre el P. del S. 1532* para enmendar la Regla 227 de Procedimiento Criminal.

**7.** Ninguna duda debe existir en cuanto a la autoridad del fiador como parte de su deber de custodia para arrestar al acusado. Regla 225 de Procedimiento Criminal, 34 L.P.R.A. Ap. II; Lester B. Orfield, *Criminal Procedure under the Federal Rules,* Volume 6 Lawyer's Corp. San Francisco, (1987), sec. 46:78, pag. 227.

**8.** Véase Exbibit XX, pág. 23 del Apéndice a la Petición de *Certiorari.*