González Román, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
Mediante el presente recurso de apelación Newport Bonding and Surety Company, compañía aseguradora fiadora del acusado, solicita revisemos una sentencia sumaria emitida por el Tribunal de *915 Primera Instancia, Sala Superior de San Juan, el 10 de mayo de 1993 en virtud de la cual se confiscó la fianza de CINCO MIL DOLARES ($5,000) prestada a favor del Estado Libre Asociado de Puerto Rico. La referida sentencia fue notificada, con copia del archivo en autos, el día 11 de mayo de 1993.
Veamos el trasfondo procesal acaecido ante el Tribunal de Primera Instancia que dió margen a la situación que se nos presenta, relacionada con la sentencia mediante la cual se confizcó la fianza, emitida hace más de dos años. La compañía fiadora, Newport Bonding and Surety Company, en adelante "Newport", prestó fianza en beneficio del acusado de epígrafe por él haber infringido el Artículo 3.1 de la Ley 54 del 15 de agosto de 1989, 8 L.P.R.A. sección 631, conocida como la Ley para la Prevención e Intervención con la Violencia Doméstica. Mediante el contrato de fianza entre el Estado y Newport, esta última afianzó la comparecencia del acusado a todas las etapas del proceso que se seguía en su contra. El Tribunal de Primera Instancia ordenó la confiscación de la fianza prestada por Newport debido a la incomparecencia injustificada del acusado ante dicho tribunal en ocasiones en que fue citado. Así las cosas, el 16 de febrero de 1995 el Secretario de Justicia, por conducto de la División de Confiscaciones del Departamento de Justicia, solicitó la ejecución de la sentencia dictada el 10 de mayo de 1993.
El 7 de marzo de 1995 el Tribunal de Primera Instancia dictó orden de consignación contra Newport mediante la cual le concedió quince (15) días para realizar el pago de la sentencia o para que, de tener causa justificada, dentro de un término de cinco (5) días, expresara las razones por las cuales la sentencia no debía pagarse. Newport no compareció al tribunal para fijar su posición en torno a la referida orden. El 11 de abril de 1995 el Secretario de Justicia solicitó orden de embargo contra Newport. En la misma fecha se hizo el señalamiento de bienes de la referida compañía fiadora.
El 24 de abril y el 11 de mayo de 1995, Newport compareció mediante escritos ante el Tribunal de Primera Instancia y solicitó se dejara sin efecto la confiscación de la fianza. Sostuvo que al haber obtenido la certificación y cancelación de la fianza por la Administración de Corrección, quien aseguró que el acusado había sido encarcelado y se encontraba en el Complejo Correccional de Río Piedras, se cumplió con los requisitos que impone la Regla 224 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 224, para la exoneración de la fianza. Alegó, además, que durante unas reuniones con los abogados del Departamento de Justicia llevadas a cabo durante el mes de septiembre de 1994, acordó con éstos que, en vista de que el acusado había sido encarcelado, no correspondía el pago de la fianza prestada. Argumenta que basta con que un acusado haya sido arrestado, sin que necesariamente sea por la compañía fiadora, para que proceda la exoneración de la fianza. Por consiguiente, concluye haber cumplido con la obligación de localizarlo y de certificar su paradero al tribunal dentro del término que dispone la Regla 227 de Procedimiento Criminal, 34 L.P.R.A. Ap. IIR. 227.
El 19 de mayo de 1995 el tribunal celebró una audiencia para discutir los planteamientos de Newport. El tribunal rechazó los mismos y reiteró la confiscación de la fianza, según surge de la minuta de esa misma fecha. Inconforme con dicha determinación, Newport apela señalando que no procedía la confiscación de la fianza. La apelante se equivoca.
El derecho a fianza tiene su génesis en la Sección 11, Artículo II de la Constitución del Estado Libre Asociado la cual establece que toda persona acusada de delito tiene derecho a quedar en libertad bajo fianza antes de mediar un fallo condenatorio. El propósito de la fianza es garantizar la presencia física del acusado en el proceso que se sigue en su contra. Pueblo v. Negrón Vázquez, 109 D.P.R. 265, 266, 267 (1979).
El contrato de fianza es un acuerdo entre el fiador y el Estado mediante el cual el primero se compromete a garantizar la presencia del imputado de delito ante el tribunal que celebra el proceso en su contra. De esta forma, el Estado delega en el fiador su poder de custodia sobre las personas acusadas de transgredir la ley hasta tanto recaiga sentencia. La incomparecencia del acusado a una de las etapas del proceso judicial es un quebrantamiento del contrato de fianza, por lo que el fiador viene obligado a pagar al Estado la cantidad consignada. Pueblo v. Félix Avilés, 128 D.P.R._, 91 J.T.S. 50. De esta forma el derecho a fianza establece un balance adecuado entre el interés del Estado en procesar a un delincuente y el derecho del acusado en obtener su libertad provisional.
La Regla 224 de las Reglas de Procedimiento Criminal, 34 L.P.R.A. Ap. II R. 224, establece los *916 criterios a seguir para que se exonere la responsabilidad del fiador. De entrada, señala como requisito esencial para la exoneración del garante que no puede haber ocurrido violación alguna de la condiciones de la fianza por parte del acusado. La referida regla reza de la siguiente manera:

"Siempre que no se hubiere violado alguna de las condiciones de la fianza cualquier fiador podrá, con el fin de ser exonerado de responsabilidad, entregar al acusado, o el mismo acusado podrá entregarse, al funcionario bajo cuya custodia estaba al prestar la fianza, o hubiere estado de no haberse prestado, en la forma siguiente:

"(a) Se entregará copia certificada de la fianza, o certificación, del depósito, al funcionario correspondiente, quien detendrá cil acusado bajo custodia como si se tratare de un mandamiento de arresto, y se expedirá un certificado haciendo constar la entrega del acusado.

(b) El funcionario remitirá la copia certificada de la fianza y el certificado de entrega del acusado al tribunal ante el cual estuviere pendiente la causa, y el tribunal, previa notificación al fiscal del distrito, a quien se enviara copia de-la fianza y del-certifieado, podrá ordenar la-cancelación de la fianza, o en su caso la devolución del depósito". (Enfasis nuestro). .
Por su parte la Regla 227 de Procedimiento Criminal, 34 L.P.R.A. Ap. II R. 227, rige el procedimiento a seguirse para la confiscación de la fianza en aquellos casos en que el fiador incumple su deber de asegurar la comparecencia del acusado de la siguiente manera:

"(a) Fianza; confiscación. Si el acusado dejare de cumplir cualquiera de las condiciones de la fianza, el tribunal al que correspondiere conocer del delito ordenará a los fiadores o al depositante que muestren causa por la cual no debe confiscarse la fianza o el depósito. La orden se notificará personalmente o se remitirá por correo certificado a la dirección que se le conociere a los fiadores a sus representantes, agentes o apoderados o al depositante. En los casos en que el fiador tenga un apoderado, agente o representante, la debida notificación a este último surtirá los mismos efectos que si se hiciera al fiador.

Si los fiadores o el depositante explicaren satisfactoriamente el inclumplimiento en que se funda la orden, el tribunal podrá dejarla sin efecto bajo las condiciones que estimare justas.

De no mediar explicación satisfactoria para tal incumplimiento, el tribunal procederá a dictar sentencia sumaria contra los fiadores o el depositante confiscando el importe de la fianza o depósito pero la misma no será firme y ejecutoria hasta cuarenta (40) días despúes de haberse notificado. Si dentro de ese período los fiadores llevaren al acusado a presencia del tribunal éste dejará sin efecto dicha sentencia.

Transcurrido el período antes prescrito y en ausencia de muerte, enfermedad física o mental del fiado sobrevenida antes de la fecha en que sea dictada la sentencia ordenando la confiscación de la fianza, el fiador responderá con su fianza por la incomparecencia del acusado al tribunal.

Convertida en firme y ejecutoria una sentencia confiscando la fianza o el depósito, el secretario del tribunal, sin necesidad de ulterior requerimiento, remitirá inmediatamente copia certificada de dicha sentencia al Secretario de Justicia para que proceda a la ejecución de la misma de acuerdo a la Regla 51 de Procedimiento Civil para el Tribunal General de Justicia, Ap. Ill del Título 32, e igualmente remitirá al Secretario de Hacienda el depósito en su poder.

Disponiéndose que el tribunal a su discreción podrá dejar sin efecto la sentencia de confiscación en cualquier momento anterior a la ejecución de dicha sentencia siempre que medien las siguientes circunstancias:

"(1) Que los fiadores hayan producido al acusado ante el tribunal.

(2) Que el tribunal constate a su satisfacción el hecho anterior. La solicitud para que se deje sin efecto la sentencia se hará mediante moción la cual se presentará dentro de un término razonable pero en ningún caso despúes de transcurridos seis (6) meses de haberse registrado la sentencia u 
*917
orden. Una moción a tales fines no afectará la finalidad de una sentencia ni suspenderá sus efectos.

(b) Incumplimiento de condiciones; detención. Si en lugar de una fianza, o en adición a ésta, el magistrado hubiese establecido alguna condición para la libertad provisional y ésta fuere incumplida, ello constituirá un delito bajo las sees. 2001 et seq. del Título 33. El tribunal al que correspondiese entender en el delito procederá a ordenar la detención del imputado. El tribunal podrá dejar sin efecto la condición impuesta y exigir en su lugar la prestación de una fianza, confiscar la fianza o depósito prestado, sujeto a lo dispuesto en esta regla, requerir que la fianza sea prestada en su totalidad o aumentar el monto de ésta." (Enfasis nuestro).
Como puede apreciarse la regla antes transcrita contempla dos mecanismos para dejar sin efecto la confiscación de la fianza. Bajo el primer supuesto, si el fiador produce al acusado dentro de los cuarenta (40) días de haberse notificado la sentencia que ordena la confiscación de la fianza, el tribunal dejará sin efecto la misma. En caso contrario, la sentencia de confiscación será firme y ejecutoria. Bajo el segundo supuesto, luego de transcurridos los cuarenta (40) días de la notificación de la sentencia, el tribunal tendrá discreción para dejarla sin efecto sólo si los fiadores producen al acusado ante el tribunal y dicho tribunal constata este hecho a su satisfacción. Para ello, la solicitud para dejar sin efecto la sentencia deberá presentarse en un término razonable, pero nunca despúes de transcurridos seis (6) meses de haberse registrado la misma. La regla agrega que una moción a tales fines no afectará la finalidad de una sentencia de confiscación, ni suspenderá sus efectos.
Somos del criterio que los argumentos esbozados por Newport no justifican su pedido de ser relevada de su responsabilidad como fiadora. Surge del expediente del Tribunal de Primera Instancia que el acusado José González González no compareció a los señalamientos del tribunal para los días 16 de marzo y 13 de abril de 1993. Ante la incomparecencia injustificada del acusado, el tribunal dictó sentencia sumaria contra los fiadores confiscando el importe de CINCO MIL DOLARES ($5,000). Dicha sentencia se emitió conforme el procedimiento establecido por la Regla 224 de las Reglas de Procedimiento Criminal, supra.
Por otro lado, Newport no cumplió con el procedimiento establecido en la Regla 227 de las Reglas de Procedimiento Criminal, indispensable para el relevo de la sentencia de confiscación. Newport no arrestó al acusado ni notificó al tribunal de su paradero. Tardó casi dos años para solicitar el relevo de la sentencia de confiscación en contravención al término de seis (6) meses de haberse registrado la sentencia que establece la referida regla. Newport descansó únicamente en gestiones extrajudiciales con los abogados del Departamento de Justicia; gestiones que no producen efecto alguno sobre la sentencia de confiscación.
La apelante presenta en apoyo a su pedido la sentencia de este tribunal del pasado 31 de marzo de 1995 en los casos Pueblo v. Andrés Crespo, KLCE-95-00024 y Pueblo v. Marrero, KLCE-95-00032. La referida sentencia es diáfamente distinguible del caso que nos ocupa. La misma contempla una solicitud para que se releve a International Fidelity Insurance de unas confiscaciones de fianza presentadas dentro de los cuarenta (40) días que dispone la Regla 227, supra, donde dicha compañía fiadora había comparecido en varias ocasiones al tribunal para informar las gestiones realizadas para localizar al imputado y el acusado fue arrestado dentro de dicho término.
La conducta procesal de Newport en el caso de autos está lejos de ser comparable a la de International Fidelity Ins. en el otro caso. En ningún momento Newport demostró diligencia ni compareció al tribunal para informar sobre las gestiones realizadas para localizar al acusado. Su dejadez llegó a tal extremo que dejó expirar los términos establecidos por las Reglas de Procedimiento Criminal para dejar sin efecto una sentencia de confiscación de fianza.
Por los fundamentos antes expuestos confirmamos la determinación del Tribunal de Primera Instancia.
Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General