# 96 DTA 51

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL VI DE CAGUAS/HUMACAO/GUAYAMA
PANEL I**

EL PUEBLO DE PUERTO RICO
Peticionario

v.

LUIS J. RIVERA NEWTON
Acusado-Recurrido

Núm. KLCE-95-00464

San Juan, Puerto Rico, a 18 de marzo de 1996

Panel integrado por su presidente, Juez señor Rossy García
y los Jueces señora Pesante Martínez y señor Rivera Pérez

Pesante Martínez, Juez Ponente

**TEXTO COMPLETO DE LA RESOLUCION**

El peticionario, el Pueblo de Puerto Rico, recurre ante nos con el propósito de que revoquemos una resolución del Tribunal de Primera Instancia, Sala Superior de Caguas, en la cual se declara con lugar una moción sobre rebaja de fianza solicitada por el recurrido, Luis J. Rivera Newton.

Por los fundamentos que más adelante habremos de exponer, denegamos la expedición del auto de *certiorari* solicitado.

**I**

El Ministerio Público le imputó al recurrido la comisión de los delitos de asesinato en primer grado (4 cargos), secuestro agravado (3 cargos), infracción al artículo 15 de la Ley de Vehículos Hurtados (1 cargo), diversas infracciones a la Ley de Armas (10 cargos), conspiración (2 cargos) e infracción al artículo 3(c) de la Ley de Crimen Organizado. Pese a que los alegados hechos ocurrieron en Cayey, el

fiscal sometió los cargos ante el anterior Tribunal Municipal, Sala de Carolina. La determinación de causa probable para el arresto fue hecha en ausencia del recurrido y estuvo basada únicamente en el examen de las declaraciones juradas de los testigos anunciados en las denuncias. El Tribunal encontró causa probable en todos los delitos imputados y le impuso una fianza global de un millón cuatrocientos veinticinco mil dólares ($1,425,000.00) en efectivo. Luego de diligenciadas las órdenes de arresto, la Honorable Ivelisse Moyano, Juez Municipal de Caguas, modificó las fianzas impuestas a la cantidad de trescientos mil dólares ($300,000.00) en efectivo. Al imputado no poder prestar dicha fianza fue ingresado en la Penitenciaría Estatal. Días después, su representación legal presentó una moción de rebaja de fianza ante el anterior Tribunal Superior de Caguas. En la vista declararon varios testigos y el imputado presentó prueba documental sobre una coartada, que de ser creída, demostraba que para la fecha de los hechos éste no se encontraba en Puerto Rico. El Ministerio Público no presentó prueba. Concluida la vista, el Honorable Pierre Vivoni determinó rebajar las fianzas a la cantidad global de doscientos veinte mil dólares ($220,000.00) en propiedades o en la alternativa el 10% en efectivo de dicha cantidad más una declaración jurada garantizando la cantidad restante. Además se impusieron las siguientes condiciones:

*"(1) No podrá acercarse ni relacionarse en forma alguna con los testigos.*

*(2) No estará fuera del hogar luego de las 8:00 p.m.*

*(3) Todos los miércoles y viernes firmará un registro de asistencia en la oficina de los alguaciles.*

*(4) Deberá entregar su pasaporte y no viajará fuera de Puerto Rico."*

El imputado optó por consignar el 10% en efectivo de la fianza impuesta y se prestó la declaración jurada garantizando el remanente. Así las cosas, y luego de varios señalamientos, a los cuales siempre compareció el imputado, el juez que presidió los procedimientos en vista preliminar determinó la inexistencia de causa probable para acusar en todos los delitos. Conocida tal determinación, el fiscal anunció que acudiría en alzada.

Con anterioridad a la vista preliminar original, el Tribunal, con la anuencia expresa del fiscal, autorizó al recurrido a viajar a Miami, con el propósito de que éste colaborara con sus abogados en la investigación de la coartada anunciada.

La vista preliminar en alzada se celebró desde el 22 de mayo de 1995 hasta el 8 de junio siguiente. Surge del expediente que el recurrido consistentemente compareció a todos los señalamientos. Durante la antes mencionada vista, el Ministerio Público aportó prueba, entre otra, que el imputado realizó gestos amenazantes contra el testigo. Dicha prueba, según el escrito en "Oposición a Petición de *Certiorari*" presentado por el recurrido, no pesó en el ánimo del Tribunal al determinar causa probable para acusar e imponer las consiguientes fianzas puesto que *"el propio juez que presidió la misma hizo constar que ello no había ocurrido puesto que éste, aún cuando estaba de frente al acusado, no había observado que ello ocurriera puesto que el acusado estaba sentado en un sitio en el cual no tenía visibilidad de la testigo".*

Finalizada la vista preliminar en alzada, el juez determinó causa probable para acusar en todos los cargos imputados a excepción de los delitos de crimen organizado y los dos cargos de conspiración, en los cuales no encontró causa probable. Una vez el juez determinó causa probable procedió a imponerle al imputado las mismas fianzas que originalmente le habían impuesto en la etapa de determinación de causa probable para el arresto, es decir, un millón cuatrocientos veinticinco mil dólares ($1,425,000.00). Al no poder prestar la fianza su representación legal presentó ante el Tribunal Superior, una petición de rebaja de fianza. En la correspondiente vista el recurrido presentó prueba de su récord de comparecencias en el presente caso, del cumplimiento de todas las condiciones especiales impuestas por el Juez Pierre Vivoni y de su falta de recursos económicos para prestar la fianza impuesta. El Ministerio Público presentó prueba a los únicos efectos de refutar la prueba sobre la alegada falta de recursos económicos del recurrido. No presentó prueba de la alegada peligrosidad del imputado ni tampoco lo hizo en lo referente a la alegada conducta amenzante del recurrido ni de su comportamiento en sala durante la celebración de la vista preliminar en alzada.

En consideración a la prueba presentada, el juez emitió la resolución recurrida en la cual rebajó las fianzas impuestas a la cantidad total de quinientos setenta y cinco mil dólares ($575,000.00) con el beneficio de prestar el 10% en efectivo y una declaración jurada garantizando la cantidad restante. Además, le impuso las siguientes condiciones especiales:

*"(1) No podrá acercarse ni procurar comunicarse con los testigos o parientes de éstos por ningún medio.*

*(2) Deberá comparecer a la oficina de los alguaciles a firmar en un registro de lunes a viernes.*

*(3) No podrá estar fuera de su hogar después de las 6:00 de la tarde, excepto en circunstancia de atención médica de emergencia.*

*(4) Entregar el pasaporte de viaje.*

*(5) No podrá merodear en lugar alguno donde exista expendio de bebidas alcohólicas ni aquellos conocidos como puntos de drogas".*

Habida cuenta de lo anterior, el recurrido presto las fianzas y fue excarcelado.

No conforme con dicha resolución, el 23 de junio de 1995, el peticionario presentó el recurso de *certiorari* que nos ocupa. Luego de varios trámites, el 27 de noviembre de 1995 emitimos una resolución en la cual indicamos que nos abstendríamos de resolver el recurso hasta tanto el Tribunal Supremo no dispusiera de una petición de *certiorari* presentada por la oficina del Procurador General el 23 de diciembre de 1994 (CE-94-926). En dicho recurso se pretendía obtener la revocación de la resolución del Honorable Pierre Vivoni que rebajó las fianzas a doscientos veinte mil dólares ($220,000.00). En aquella ocasión le ordenamos al peticionario nos mantuviera informados del desarrollo y resolución del recurso de *certiorari* ante el Tribunal Supremo. El 15 de diciembre de 1995, la oficina del Procurador General presentó ante nuestra Secretaría una moción informativa en la cual indicó que el 4 de diciembre anterior el Tribunal Supremo denegó la expedición del recurso por haberse tornado académico. Ello obedeció a que luego de la resolución en controversia, se celebró la vista preliminar original y se determinó no causa probable para acusar contra el imputado. Inexplicablemente, la moción informativa presentada el 15 de diciembre fue referida a la atención de este panel el 21 de febrero de 1996. Conscientes de la premura que suponen los casos criminales, inmediatamente advinimos en conocimiento de lo anterior, procederemos a resolver el recurso ante nuestra consideración.

## II

La Sección 11 del Artículo II de la Constitución del Estado Libre Asociado de Puerto Rico dispone:

*"Todo acusado tendrá derecho a quedar en libertad bajo fianza antes de mediar un fallo condenatorio."*

Además, la Carta de Derechos contiene la siguiente cláusula: *"las fianzas y las multas no serán excesivas".* De la lectura de ambos preceptos podemos colegir que no importa la gravedad de los delitos, la peligrosidad del imputado, la probabilidad de que escape de la jurisdicción, el imputado tiene derecho a que se le fije una fianza y ésta no puede ser excesiva. De no ser ello así se tornaría inoperante el derecho a estar bajo fianza antes de que medie un fallo condenatorio.

Lo anterior no significa que no pueda reglamentarse el derecho consagrado en la Constitución así como tampoco prohibe que se impongan condiciones adicionales a la fianza. Nuestro ordenamiento procesal criminal, en lo pertinente, aparece recogido en las Reglas 6.1 y 218 de Procedimiento Criminal, 34 L.P.R.A. Ap. II. Aunque el propósito de la fianza en Puerto Rico es asegurar la presencia del acusado en las diversas etapas del proceso judicial, ello no ha sido impedimento para que se permita imponer condiciones dirigidas a proteger a la comunidad del peligro que pudiera acarrear la libertad bajo fianza del imputado. *Pueblo v. Negrón Vázquez,* 109 D.P.R. 265 (1979); *Pueblo v. Félix Aviles,* **91 J.T.S. 50**, opinión de 24 de mayo de 1991.

La cuantía de la fianza impuesta dependerá en última instancia de criterios de razonabilidad, a la luz de las circunstancias particulares de cada caso. Para ello el juez tomará en consideración las circunstancias relacionadas con la adecuada garantía de comparecencia del imputado, incluyendo entre otros:

*"(1) la naturaleza y circunstancia del delito imputado.*

*(2) los nexos del imputado en la comunidad, entre ellos, su tiempo de residencia, su historial de empleo y sus relaciones familiares;*

*(3) el carácter y condición mental del imputado;*

*(4) los recursos económicos del imputado;*

*(5) el historial del imputado sobre previas comparecencias y cumplimientos de órdenes judiciales.*

*(6) en caso en que se hayan sometido voluntariamente a la supervisión de la Oficina de Servicios con Antelación al Juicio creada por la Ley Núm. 177 de 12 de agosto de 1995, la evaluación, informes y recomendaciones que haga dicha oficina".*

Una vez fijada la fianza, la misma puede ser revisada a solicitud del imputado o del fiscal. Para lo anterior se tomará en consideración los criterios y circunstancias previamente esbozados. En la vista de modificación de la fianza o sus condiciones, las partes aportaran prueba que le permita al juez en el ejercicio de su discreción, fijar una fianza razonable. A la luz de lo anterior, no vemos razón para intervenir en la determinación del juez de instancia al resolver rebajar las fianzas impuestas al recurrido. No hay indicios de abuso de discreción de su parte.

El Ministerio Público no ha rebatido la presunción de corrección que cobija la resolución del Tribunal de Primera Instancia, Sala Superior de Caguas.

Por las razones que anteceden, denegamos la expedición del auto de *certiorari* solicitado por el peticionario.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Notifíquese por la vía ordinaria.

Sonia Pacheco Román
Secretaria General