En el Tribunal Supremo de Puerto Rico

| EL PUEBLO DE PUERTO RICO<br>      Recurrido<br><br>     .V<br><br>RAMON LUIS RIVERA ORTEGA<br><br>      ACUSADO | Certiorari<br><br>TSPR98-57 |
|---|---|

Número del Caso: CC-96-26

Abogados Parte Recurrente: LCDO. LUIS MANUEL RODRIGUEZ LOPEZ

Abogados Parte Recurrida: LCDA. CARMEN Z. MARTINEZ ORTIZ

Abogados Parte Interventora:

Tribunal de Instancia: Superior, SALA DE SAN JUAN

Juez del Tribunal de Primera Instancia: Hon. CRISANTA GONZALEZ DE RODRIGUEZ

Tribunal de Circuito de Apelaciones: CIRCUITO REGINAL I

Juez Ponente: Hon. ALFONSO DE CUMPIANO

Fecha: 5/19/1998

Materia: CONFISCACION DE FIANZA

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

El Pueblo de Puerto Rico

     Recurrido

        vs.                         CC-96-26     Certiorari

Ramón Luis Rivera Ortega

     Acusado

Newport Bonding & Surety Co.

     Recurrente

PER CURIAM

San Juan, Puerto Rico, a 19 de mayo de 1998.

Se recurre ante nos para que determinemos si procede confiscar unas fianzas, como consecuencia de la incomparecencia del acusado a los procedimientos judiciales, sin que los representantes de la compañía fiadora hubieran sido requeridos a comparecer para mostrar causa por la cual no se debía confiscar las mismas, tal como requiere la Regla 227 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, aún cuando posteriormente comparecieron en relación con la confiscación de otra de las fianzas del mismo acusado.

I

El Sr. Ramón L. Rivera Ortega fue acusado por hechos alegadamente ocurridos el 5 de agosto de 1992

1992 constitutivos de violación a los artículos 6, 8 y 9 de la Ley de Armas de Puerto Rico, 25 L.P.R.A Secs. 416, 418 y 419 respectivamente. Se le imputaron dos violaciones al artículo 6 y dos violaciones al artículo 9 de la Ley de Armas de Puerto Rico, delitos menos graves, y por cada violación se le fijó una fianza de $5,000. Además, se le imputaron dos (2) violaciones al artículo 8 de la Ley de Armas, delitos graves, en cada uno de los cuales se le fijó una fianza de $10,000.

Las referidas fianzas fueron prestadas por la Compañía de Fianzas de Puerto Rico, en adelante C.F.P.R., y por la Newport Bonding and Surety Co., aquí peticionaria, en adelante Newport.

A continuación una relación de los casos y las fianzas impuestas a Rivera Ortega con motivo de los hechos acaecidos el 5 de agosto de 1992 que dieron lugar a las acusaciones antes indicadas:

| CRIMINAL NUM. | VIOLACION | FIANZA | FIADOR |
|---|---|---|---|
| -KLA92M0720 | Art. 6 | $5,000 | C.F.P.R. |
| -KLA92M0721 | Art. 6 | $5,000 | Newport |
| -KLA92M0722 | Art. 9 | $5,000 | C.F.P.R. |
| -KLA92M0723 | Art. 9 | $5,000 | Newport |
| -KLA92G1154 | Art. 8 | $10,000 | C.F.P.R. |
| -KLA92G1155 | Art. 8 | $10,000 | Newport |

El caso de autos trata sobre la confiscación por el Tribunal de Primera Instancia de tres (3) de las fianzas emitidas por Newport a favor del Estado Libre Asociado de Puerto Rico. El monto total de estas fianzas es de $20,000.00. Las fianzas KLA92M0721 y KLA92M0723 por los artículos 6 y 9 respectivamente de la Ley de Armas fueron refrendadas por el apoderado de Newport señor Iván Beníquez Díaz.[1] La

---

[1] En cuanto a estas dos fianzas refrendadas por el Sr. Beníquez, es necesario detallar que éste último fue tiroteado el 28 de noviembre de 1992, conjuntamente con el Alguacil Edelmiro Negrón Berno del Tribunal de Primera Instancia por hechos no relacionados con este caso. El alguacil murió en el tiroteo. El señor Beníquez Díaz resultó gravemente herido, fue hospitalizado, y cesó sus labores en Newport luego de dicho incidente, acaecido varios meses antes de las confiscaciones de las fianzas en el caso de autos, por lo que éste no intervino en el proceso de confiscación de las mismas.

fianza KLA92G1155 por el artículo 8 de la Ley de Armas fue refrendada por la apoderada de dicha compañía María del Carmen Beníquez.

Luego de varias posposiciones del juicio –causadas por la incomparecencia del acusado– se señaló el mismo para el 5 de abril de 1993. El acusado Rivera Ortega no compareció. En esa misma fecha el Tribunal de Primera Instancia emitió sentencia, la cual fue notificada el 8 de junio de 1993, ordenando la confiscación del importe de las fianzas, incluyendo la KLA92MO721 y la KLA92MO723, prestadas por Newport. El Tribunal hizo constar que en relación al caso KLA92G1155, en que la fianza fue también prestada por Newport, no fue citado el representante de esa compañía, aunque sí el de la C.F.P.R. Por ello ordenó se citara a Newport para que mostrara causa por la cual no se debía confiscar dicha fianza.

Posteriormente, el 20 de abril de 1993, compareció la señora María del Carmen Beníquez, representante de Newport, e informó no haber conseguido al acusado, por lo que el Tribunal ordenó también la confiscación de la fianza prestada en el caso KLA92G1155, mediante sentencia de esa misma fecha, notificada el 4 de junio de 1993.

El 16 de septiembre de 1993, Newport presentó moción solicitando exoneración. Alegó que el acusado se encontraba ingresado en la Institución Regional Metropolitana. Acompañó a dicha moción la correspondiente certificación firmada por la funcionaria de la Administración de Corrección. Newport solicitó que se ordenara la exoneración de todas las fianzas confiscadas mediante las dos sentencias antes mencionadas. No obstante, el Tribunal de Instancia mediante Orden de 1ro de octubre de 1993, determinó que no se le había mostrado ninguna razón o evidencia que justificara dejar sin efecto la sentencia de 20 de abril de 1993.[2]

El 3 de noviembre de 1994, cerca de un año y mes y medio después, la División de Confiscaciones del Departamento de Justicia compareció

---

[2]Nada dispuso en dicha Orden sobre la sentencia emitida el 5 de abril de 1993.

mediante moción solicitando un mandamiento para proceder con la ejecución de la sentencia de confiscación de 5 de abril de 1993 por la cantidad de $10,000.00.

Así también, el 22 de febrero de 1995, la División de Confiscaciones del Departamento de Justicia compareció nuevamente mediante moción solicitando otro mandamiento para proceder con la ejecución de la sentencia de confiscación de 20 de abril de 1993 por la cantidad de $10,000.00. Newport presentó moción el 9 de junio de 1995, mediante la cual planteó, en cuanto a las dos (2) fianzas de $5,000.00 relativas a los casos KLA92MO721 y KLA93MO723, que la sentencia de confiscación emitida el 5 de abril de 1993 era nula e ineficaz en derecho por haberse notificado la misma luego de transcurrir el término de cuarenta (40) días provisto por la Regla 227 de las de Procedimiento Criminal y por no habérsele concedido a Newport la oportunidad de mostrar causa por la cual no debía confiscarse la fianza. En lo concerniente al caso KLA92G1155, en que la fianza de $10,000.00 fue confiscada el 20 de abril de 1993, Newport aclaró que luego de hacer todas las gestiones pertinentes, localizó al acusado ingresado en la Cárcel Regional Metropolitana de Bayamón, por lo que la Administración de Corrección emitió una certificación a esos efectos.

El 13 de junio de 1995, vía Resolución, el Tribunal de Primera Instancia determinó que:

> "Habiendo transcurrido dos (2) años desde que esta juez dictó sentencia de confiscación en este caso y veinte (20) meses desde que emitiéramos la orden que hoy se pretende atacar, se declara no ha lugar a la solicitud de la compañía fiadora."

De dicha Resolución recurrió Newport ante el Tribunal de Circuito de Apelaciones, Circuito Regional I, Región Judicial de San Juan, solicitando la revocación de las sentencias confiscatorias de las fianzas que nos ocupan.

El Tribunal de Circuito de Apelaciones en su sentencia de 6 de noviembre de 1995, notificada el 29 de noviembre de 1995, determinó que Newport tuvo oportunidad de impugnar, previo a la solicitud de exoneración del 16 de septiembre de 1993, las sentencias de confiscación y no lo hizo. Asimismo, estableció que no estaba en controversia que Newport presentó mostración de causa con anterioridad a la sentencia de 20 de abril de 1993 sobre la incomparecencia del acusado a los procedimientos en cuanto a la violación de los artículos 6 y 8 de la Ley de Armas. Que la misma se había dictado luego de que la apoderada de Newport compareciera al Tribunal e informara no haber conseguido al acusado. Que la orden de mostrar causa tiene el propósito de conceder oportunidad al fiador de exponer su posición respecto a la incomparecencia del acusado y de su obligación de responder por la fianza. Que dentro de este procedimiento, el propósito por el cual se emite la mostración de causa es dar oportunidad al fiador de demostrar por qué no debe confiscarse la fianza. Que las circunstancias de este caso demuestran que cualquier omisión en requerir la mostración de causa en cuanto a una de las sentencias, quedó subsanada con la oportunidad que tuvo la fiadora de comparecer antes de que se procediera a la orden de confiscación para explicar si había cumplido con la obligación contraída en el contrato de fianza.[3]

Inconforme Newport recurrió ante nos. Señala como único error:

"Erró el Honorable Tribunal de Circuito de Apelaciones al confirmar las sentencias confiscatorias presta-das por Newport."

II

Cuestiona la recurrente si procedía, a la luz del debido proceso de ley y de la jurisprudencia interpretativa, que el Tribunal de Primera Instancia confiscara las fianzas prestadas. Fundamentalmente plantea en relación con las dos (2) fianzas confiscadas mediante Sentencia del 5 de abril de 1993, que a Newport no le fue ordenado

---

[3]Sentencia del Tribunal de Circuito de Apelaciones de 6 de noviembre de 1995, notificada el 29 de noviembre de 1995, págs. 5-6.

mostrar causa, según provisto por la Regla 227 de las de Procedimiento Criminal, supra, por la cual no debían confiscarse dichas fianzas; que al así no hacerlo el Tribunal, se menoscababa su garantía constitucional al debido proceso de ley, Artículo II, Sección 7, Constitución del Estado Libre Asociado. Asimismo, sostuvo que tal acción constituía una privación de su derecho de propiedad consagrado también en nuestra carta magna.

En cuanto a la fianza confiscada mediante Sentencia del 20 de abril de 1993, alega la recurrente que a la vista celebrada en esa fecha compareció una apoderada distinta y no relacionada con el apoderado que había refrendado las otras fianzas objeto de la Sentencia del 5 de abril de 1993, que no tenía conocimiento y no podía imputársele conocimiento de las fianzas confiscadas prematuramente. Señala en consecuencia que dicha vista no pudo en forma alguna subsanar la falta de notificación con relación a las fianzas confiscadas el 5 de abril de 1993.

El Procurador General, por su parte, fundamentalmente plantea que la sentencia que ahora se pretende impugnar alegando su nulidad fue dictada el día 5 de abril de 1993 y notificada el 8 de junio de 1993. Aún sin haberse emitido orden para mostrar causa, el peticionario tuvo tiempo razonable y suficiente para comparecer ante el Tribunal a mostrar causa por la cual no debía ser confiscada la fianza prestada y no lo hizo dentro de los cuarenta (40) días que establece la regla. Que el peticionario sabía que al acusado se le imputaban seis (6) delitos y sabía que unos eran de naturaleza menos grave y otros de naturaleza grave. Además, que cuando se le ordenó mostrar causa por la cual no debía confiscarse la fianza prestada en el caso criminal KLA92G1155, tuvo oportunidad de inquirir sobre todo el proceso y enterarse de que las fianzas prestadas en los casos KLA92M0721 y KLA92M0723 serían confiscadas tal como en efecto sucedió. Además, que cuando recibió notificación de la sentencia pudo haber impugnado el proceso y no lo hizo.

De otra parte, con relación a la sentencia dictada el 20 de abril de 1993 y notificada el 4 de junio de 1993, acepta el peticionario, y de hecho fue así, que el Tribunal emitió orden para mostrar causa por la cual no debía ser confiscada la fianza y que en efecto informó que no había podido localizar al acusado y el Tribunal dictó sentencia confiscatoria. Posteriormente, el Tribunal notificó su sentencia y el peticionario no compareció dentro del término de cuarenta (40) días que establece la referida Regla 227 para que el Tribunal dejara sin efecto la misma.

Por Resolución de 23 de febrero de 1996 expedimos el auto de certiorari. Habiendo comparecido ambas partes y con el beneficio de sus respectivos escritos estamos en posición de resolver.

III

Con el objetivo de facilitar la discusión del caso de autos, procede que dividamos las controversias según acontecieron en el Tribunal de Primera Instancia. Atenderemos primeramente las incidencias de la vista de 5 de abril de 1993 donde se produjo la confiscación de dos (2) de las fianzas prestadas por Newport, aunque a ésta nunca se le ordenó mostrar causa; y en segundo lugar, aquellos eventos relacionados con la vista de 20 de abril de 1993, a la que la fiadora compareció y presentó mostración de causa, siendo la fianza confiscada sin que la fiadora produjera al acusado dentro del término de cuarenta (40) días provisto por la regla.

La Constitución del Estado Libre Asociado de Puerto Rico en su artículo II, Sección 11, 1 L.P.R.A. sec. 11, dispone que:

> "Todo acusado tendrá derecho a quedar en libertad bajo fianza antes de mediar un fallo condenatorio."

Por su parte, las Reglas 218 y 219 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, regulan las disposiciones relacionadas al tema de la fianza.

Sobre la fianza en procedimientos criminales, sabido es que ésta "se requiere históricamente para asegurar la presencia del acusado en

las diversas etapas del juicio". *Pueblo v. Negrón Vázquez*, 109 D.P.R. 265-67 (1979).

Anteriormente hemos dicho[4], y más recientemente lo reiteramos en *Pueblo v. Rivera Segarra*, Op. de 19 de octubre de 1995, 139 D.P.R. ___, 95 J.T.S. 137, pág. 165, que el contrato de fianza es un acuerdo entre el fiador y el Estado donde aquél se compromete a garantizar la comparecencia del acusado a todas las etapas del procedimiento criminal seguido en su contra. No obstante, la no comparecencia del acusado a alguna de las instancias del proceso – sin que medie razonable justificación – será causa suficiente para que el

---

[4]Específicamente en *Pueblo v. Félix Avilés*, 128 D.P.R. 468, 480 (1991).

Tribunal decrete la confiscación de la fianza a favor del Estado. Véase, además, la Exposición de Motivos de la Ley Núm. 55 de 1 de julio de 1988, Leyes de Puerto Rico, 1988, págs. 280-281, que tuvo el efecto de enmendar la precitada Regla 227 de Procedimiento Criminal, supra, a los efectos de consignar la responsabilidad asumida por el fiador frente al Estado.

Así también, la Regla 227 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, rige el procedimiento a seguir en caso de ser necesario confiscar la fianza prestada. A esos efectos establece:

**"REGLA 227. FIANZA; PROCEDIMIENTO PARA SU CONFISCACION; INCUMPLIMIENTO DE CONDICIONES; DETENCION**

(a) **Fianza; confiscación.** Si el acusado dejare de cumplir cualquiera de las condiciones de la fianza, el tribunal al que correspondiere conocer del delito ordenará a los fiadores o al depositante que muestren causa por la cual no deba confiscarse la fianza o el depósito. La orden se notificará personalmente o se remitirá por correo certificado a la dirección que se le conociere a los fiadores o a sus representantes, agentes o apoderados o al depositante. En los casos en que el fiador tenga un apoderado, agente o representante, la debida notificación a este último surtirá los mismos efectos que si se hiciera al fiador.

Si los fiadores o el depositante explicaren satisfactoriamente el incumplimiento en que se funda la orden, el tribunal podrá dejarla sin efecto bajo las condiciones que estimare justas.

De no mediar explicación satis-factoria para tal incumplimiento, el tribunal procederá a dictar sentencia sumaria contra los fiadores o el depositante confiscando el importe de la fianza o depósito pero la misma no será firme y ejecutoria hasta cuarenta (40) días después de haberse notificado. Si dentro de ese período los fiadores llevaren al acusado a presencia del tribunal, éste dejará sin efecto dicha sentencia.

Transcurrido el período antes prescrito y en ausencia de muerte, enfermedad física o mental del fiado sobrevenida antes de la fecha en que sea dictada la sentencia ordenando la confiscación de la fianza, el fiador responderá con su fianza por la incomparecencia del acusado al tribunal.

Convertida en firme y ejecutoria una sentencia confiscando la fianza o el depósito, el secretario del tribunal, sin necesidad de ulterior

requerimiento, remitirá inmediata-mente copia certificada de dicha sentencia al Secretario de Justicia para que proceda a la ejecución de la misma de acuerdo a la Regla 51 de Procedimiento Civil para el Tribunal General de Justicia, Ap. III del Título 32, e igualmente remitirá al Secretario de Hacienda el depósito en su poder.

Disponiéndose, que el tribunal a su discreción podrá dejar sin efecto la sentencia de confiscación en cualquier momento anterior a la ejecución de dicha sentencia, siempre que medien las siguientes circuns-tancias:

(1) Que los fiadores hayan producido al acusado ante el tribunal.
(2) Que el tribunal constate a su satis-facción el hecho anterior.

La solicitud para que se deje sin efecto la sentencia se hará mediante moción la cual se presentará dentro de un término razonable pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden. Una moción a tales fines no afectará la finalidad de una sentencia, ni suspenderá sus efectos."

En cuanto al procedimiento mediante el cual se producirá la entrega del acusado al tribunal, la Regla 225, _supra_, señala que:

"con el objeto de llevar a cabo la entrega del acusado, los fiadores podrán en cualquier momento antes de haber sido finalmente exonerados, y en cualquier lugar dentro del territorio del Estado Libre Asociado de Puerto Rico, arrestarlo ellos mismos, o facultar para ello, por medio de una autorización escrita al dorso de la copia certificada de la fianza, a cualquier persona que tenga la edad y discreción suficientes."

La Regla 227 de Procedimiento Criminal, _supra_, provee la alternativa de que el tribunal, a su discreción, pueda dejar sin efecto una sentencia de confiscación previamente emitida, siempre que el fiador le produzca al acusado. A esos efectos, hemos opinado que cuando el acusado está encarcelado por delitos distintos a los originalmente imputados, será suficiente con que el fiador informe su paradero y diligencie la correspondiente orden de arresto en la institución penal de que se trate para que se entienda que el fiador ha cumplido el requisito de llevar al acusado a la presencia del Tribunal. En estas instancias no es necesario la entrega física del mismo. Con esta interpretación lo que se busca es promover que los fiadores se involucren en aquellas gestiones que sean necesarias para asegurar la

comparecencia del acusado al procedimiento en su contra. *Pueblo v. Rivera Segarra,* supra, pág. 168.

Asimismo, la Regla 227 de las de Procedimiento Criminal, supra, es clara sobre el proceso que los tribunales tienen que seguir al momento de confiscar una fianza por la incomparecencia del acusado a alguna de las etapas en el procedimiento judicial. Concretamente, ésta requiere como parte del proceso que el Tribunal emita una orden donde le brinde la oportunidad a la compañía fiadora de comparecer y mostrar causa del porqué no debe confiscarse una determinada fianza.

Con el propósito de salvaguardar el derecho de propiedad de las compañías fiadoras nuestra Asamblea Legislativa, a través, de la Regla 227 de las de Procedimiento Criminal, supra, exige que antes de que el tribunal pueda confiscar sumariamente los dineros correspondientes a las fianzas, la parte que habrá de verse afectada pueda comparecer y plantear sus objeciones.

Exactamente eso fue lo que no se hizo en el caso de autos. Debemos tener en cuenta que la compañía fiadora, Newport, había prestado tres fianzas que respondían por delitos distintos. Dos de ellas fueron prestadas por conducto de la misma persona, el señor Beníquez Díaz, y la otra había sido refrendada por conducto de la señora María del Carmen Beníquez. El Tribunal de Primera Instancia, sin emitir una orden ni señalar una vista para mostrar causa como lo requiere la Regla 227 de las de Procedimiento Criminal, supra, confiscó sumariamente las fianzas KLA92M0721 y KLA92M0723 en la vista del 5 de abril de 1993 a la que no compareció el acusado. Más aún, no podemos perder de perspectiva que las fianzas fueron refrendadas por dos agentes distintos, uno de los cuales –el que refrendó las fianzas confiscadas el 5 de abril de 1993– había cesado en su posición. Aún si pudiera imputársele a la señora María del Carmen Beníquez algún conocimiento de la situación surgida en la vista de 5 de abril de 1993 cuando compareció a la vista del 20 de abril de 1993 en relación con otra fianza del mismo acusado, ello no es excusa para el incumplimiento

con el requisito de emitirse la orden para mostrar causa en el primer caso.

Dada esta sucesión de hechos sólo nos resta ceñirnos estrictamente a la disposición legal aplicable y ésta, según descrita, establece que el tribunal ordenará que se muestre causa. La Regla 227 no establece un procedimiento discrecional, sino mandatorio, en lo que respecta a la orden para mostrar causa. Ante tan obvio e inexcusable incumplimiento con la ley, la sentencia dictada el 5 de abril de 1993 confiscando las fianzas prestadas por Newport, debe ser dejada sin efecto.

## IV

En cuanto a la fianza prestada por Newport por conducto de la agente María del C. Beníquez, surge de los autos que a ésta sí se le citó a una vista el 20 de abril de 1993, para que mostrara causa por la cual no se debía confiscar la fianza KLA92G1155. Ella compareció; no obstante, se confiscó la fianza. Posteriormente alegó que compareció dentro de los cuarenta (40) días que dispone la Regla 227 de las de Procedimiento Criminal, para llevar al acusado al Tribunal. No tiene razón.

La fiadora presentó, el 16 de septiembre de 1993, una moción sobre solicitud de exoneración, en la cual indicaba que el acusado se encontraba ingresado en la Institución Industrial Regional Metropolitana. Acompañó con dicha moción la certificación de la Administración de Corrección cancelando las fianzas. Es obvio que lo hizo más de cuarenta (40) días después de haberse notificado la sentencia. Entre el 4 de junio de 1993, en que se archivó en autos copia de la notificación de la sentencia, al 16 de septiembre de 1993, transcurrió un lapso de tiempo en exceso de cien (100) días.

Transcurridos los cuarenta (40) días que provee la Regla 227 de las de Procedimiento Criminal, _supra_, la sentencia de confiscación es firme y ejecutoria. Es discrecional del Tribunal dejar sin efecto la sentencia si ésta no fuera ejecutada y se produce al acusado ante el

Tribunal dentro de los seis (6) meses de ser firme y ejecutoria la sentencia. *Frau v. Corte*, 54 D.P.R. 709 (1939).

El Tribunal de Instancia determinó mediante la orden de 29 de septiembre de 1993, que no había ningún fundamento ni evidencia que justificara dejar sin efecto la sentencia de 20 de abril de 1993.

Claramente era discrecional del juez dejar sin efecto la sentencia, ya que habían transcurrido más de cuarenta (40) días. No es apropiado, bajo estas circunstancias, intervenir con la determinación del Tribunal de Primera Instancia. A diferencia del caso de *Pueblo v. Rivera Segarra*, <u>supra</u>, en que las gestiones para informar debidamente al tribunal del paradero del acusado se realizaron dentro de los cuarenta días luego de la notificación de la Sentencia, en el caso de autos tales gestiones fueron posteriores a dicho término. En vista de ello, confirmamos la sentencia de 20 de abril de 1993.

Por los fundamentos antes expuestos, dejamos sin efecto la sentencia de confiscación de 5 de abril de 1993 y confirmamos la de 20 de abril de 1993, dictadas por el Tribunal de Primera Instancia.

Se dictará la correspondiente sentencia.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


El Pueblo de Puerto Rico

    Recurrido

       vs.                     CC-96-26    Certiorari

Ramón Luis Rivera Ortega

    Acusado

Newport Bonding & Surety Co.

    Recurrente


SENTENCIA

San Juan, Puerto Rico, a 19 de mayo de 1998.

Por los fundamentos expuestos en la Opinión Per Curiam que se hace formar parte integrante de ésta, se dicta sentencia dejando sin efecto la sentencia de confiscación de 5 de abril de 1993 y confirmando la de 20 de abril de 1993 dictadas por el Tribunal de Primera Instancia.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri concurre en cuanto se confirma la sentencia de confiscación de 20 de abril de 1993; y disiente en cuanto se revoca la de 5 de abril de 1993. El Juez Asociado señor Negrón García inhibido.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo